The opinion of the Court was delivered by
Uott, J.
It is essential to an action for a malicious prosecution, to show that the prosecution is at an end.[1] 2 Selwyn, 1060. It is a necessary allegation to be laid in the declaration, and must be proved as laid; otherwise a person might recover in the action, and still be afterwards convicted on the original prosecution. Doug 215.[2] Fisher v. Bristow et al. The word acquitted is a word of technical import, and must be understood in its technical sense, to wit, an acquittal on trial by a jury. Morgan and Hughes, 2 D. & E. 225. Jones v. Givin, Gilbert's Cases, 198. Smith v. Cranshaw, Ib. 179. 10 Mod. 216. The indictment, therefore, showing that the grand jury had rejected the bill, did not prove the allegation in the declaration, that he had been acquitted. It is not to be understood that an action for a malicious prosecution will . p- -, not lie, unless the party has been acquitted by a jury on *trial. On J the contrary, a person may have his action after a bill rejected by the grand jury, or even where no bill has been preferred, if there is a final end of the prosecution, and the party discharged. Cro. Jac. 490, Payn v. Porter. 2 Selwyn, 1054. Butin such case he must state the manner of his discharge and acquittal, which need not be done where he has been acquitted by a jury on trial. In such ease the words acquieta-tus fuit are sufficient. 1 Com. 230. The action for malicious prosecution is a substitute for the old action for a conspiracy. And the grounds of both actions are the same. The only difference is that to maintain an action for conspiracy there must be two defendants. 2 Espinasse Dig. 531. Much of the doctrine on this subject, therefore, will be found under *457 the head of Action on the Case for Conspiracy. And under that head, Comyns lays it down, that a declaration for a conspiracy in an appeal where he was nonsuited, must show quod per considerationem curice quietus recessit; for if it be that he was acquitted it is bad, for it shall be intended an acquittal by the country. 1 Com. Dig. 330. In Fitz-herbert’s Natura Brevium, the same doctrine is laid down, and the form of the writ given. “ The form of the writ of conspiracy,” this author observes, “ where he is acquitted by verdict, doth vary in words in the end, from the writ of conspiracy, which is founded upon plaintiff’s nonsuit in appeal; for one writ founded upon the verdict is, Until according to law, &‘c., he was acquitted; and the other writ of conspiracy founded upon the plaintiff’s nonsuit is, Until the same complainant, by consideration of our Court, departed acquitted thereof.” Fitzherbert 115, 116. And in the next page he gives a case directly in point. “ If the principal and one who is accessary, be indicted of felony, and be taken and arrested, and the principal be indicted and acquitted, now by that the accessary is discharged, and the accessary thereupon shall have a writ of conspiracy against those who conspired to indict him, and the writ in the end shall say, Quousque idem (the *principal,) secund, leg, &c., acquietat, p*, fuisset et idem (the accessary,) quietus recessit.” Mr. Justice L Buller says, “ if it had been alleged that he was discharged by the grand jury’s not finding the bill, that would have shown a legal end to the prosecution.” Morgan and Hughes, 2 D. & E. 232. But I doubt very much whether that dictum is true to the extent which it would imply. The rejection of a bill by the grand jury has never been held, in this State,[1] as the legal end of a prosecution, unless the party has been regularly discharged thereupon by order of the Court. Another, bill may be preferred. The form of the precedents, which are frequently the best evidence of the law, goes to support this position. 2 Chitty, 250, 254. The declaration in the case before us, after stating that the party was acquitted, proceeds to state further, viz., “ Whereupon the judges of the said State considered and adjudged that the said John should depart hence, without day, in that behalf, and the said John was and is duly discharged,” &c. The mere production of an indictment, with the finding of the grand jury upon it, does not therefore prove the prosecution to be at an end. It may still be going against him. It is, however, unimportant in this case.
Clendinen and Blanding for the motion. Gunning and Williams, contra.
The declaration was wrong, or the proof insufficient; in either case the nonsuit was properly ordered.
The motion, therefore, must be refused.
Colcock, Gantt, Johnson, and BiohaRDSON, JJ., concurred.

 1 vol. 37.

 3 MoC. 461; Chev. 10; 3 Hill, 196.

 Rost. 558.