WILLIAM H. POTTER v. BENJAMIN M. CASTERLINE.

1. In an action for malicious prosecution, the plaintiff must show that the prosecution or proceeding of which he complains, is legally at an end, and that it was instituted maliciously and without probable cause.

Potter v. Casterline.

2. The legal termination of the prosecution is sufficiently shown by the refusal of the grand jury to find a bill, without a formal order of discharge by the court.

3. A rejection of the complaint by the grand jury is *prima facie* evidence of want of probable cause.

4. There is no error in refusing to non-suit, if, from the facts proved, the jury might infer that the defendant had no actual belief or suspicion of the plaintiff's guilt.

5. A defendant in such an action cannot excuse himself by showing that he acted under the advice of an unprofessional person.

On error to the Middlesex Circuit.

Argued at November Term, 1878, before BEASLEY, CHIEF JUSTICE, and Justices WOODHULL and REED.

For the plaintiff in error, *B. A. Vail.*

For the defendant in error, *Garret Berry.*

The opinion of the court was delivered by

WOODHULL, J.    Casterline, the plaintiff below, brought his action on the case in the Middlesex Circuit Court, against Potter, the defendant below, complaining that he had falsely and maliciously, and without any reasonable or probable cause, procured him to be arrested for the crime of larceny.

The declaration sets out the issuing of a warrant by a justice of the peace, on the application of the defendant; the arrest and imprisonment of the plaintiff, by virtue of it, until he had entered into recognizance for his appearance at the next Court of Oyer and Terminer, &c.; his appearance at the time and place specified in his recognizance; and that "thereupon the said defendant not having any ground or evidence to support the false and malicious charge, &c., the grand jury of the said county returned not a true bill of indictment against the said plaintiff, and the said plaintiff being innocent of the said supposed offence was then and there duly discharged out of the said custody, and fully acquitted and discharged of the said supposed offence;" that the defendant had not further prosecuted his complaint, and that the prosecution was wholly ended and determined.

The defendant having pleaded the general issue, the plaintiff, in support of his allegations as to the termination of the proceedings against him, proved that the papers relating to them, the affidavit, the warrant for arrest, the search warrant, and recognizance were duly forwarded by the justice to the prosecutor of the pleas of the county, and were by him presented to the grand jury, who ignored the complaint. It appeared further, that the matter had not been brought before any other grand jury, and, according to the established practice in such cases, could not be so brought without a new complaint.

At the close of the plaintiff's case, the defendant's counsel moved for a non-suit, on two grounds—

1. That the plaintiff had failed to show that the proceedings against him were taken without probable cause.

2. That the plaintiff had failed to show that there had been such an ending of those proceedings as the law contemplates.

The decision of the court in overruling this motion is the first matter assigned for error.

All the authorities agree that in actions of this sort the plaintiff, in order to recover, is bound to show (1) that the prosecution or proceeding of which he complains is legally at an end; and (2) that it was instituted maliciously and without probable cause. 2 *Greenl. Ev.*, §§ 452, 453, and cases cited; *Roscoe's Dig. Law of Ev.* 770, 771, and cases cited; *Clark* v. *Cleveland*, 6 *Hill* 344, and cases; *Burlingame* v. *Burlingame*, 8 *Cow.* 141, note 1; *Munns* v. *Dupont et al.*, 1 *Am. Lead. Cas.* 249, (*200,) 280, (*225.)

But while the general rule, as to the necessity of showing that a malicious prosecution is at an end, in order to maintain an action for it, has been long settled beyond dispute, its application has given rise to much discussion in the courts, as well as some difference of opinion.

Was the rule properly applied by the court below?

It is insisted, on the part of the plaintiff in error, that the prosecution could not be terminated in the sense of the rule without a formal order of discharge by the court; and that

having failed to show this essential fact, the plaintiff below should have been non-suited at the trial, or the jury instructed to find for the defendant.

It must be admitted that this position is supported by respectable authorities. Mr. Greenleaf says : " If the party has been arrested and bound over on a criminal charge, but the grand jury did not find a bill against him, proof of this fact is not enough without also showing that he has been regularly discharged by order of the court ; for the court may have power to detain him for good cause until a further charge is preferred for the same offence. But in other cases the return of *ignoramus* on a bill by the grand jury has been deemed sufficient." 2 *Greenl. Ev.*, § 452. The doctrine first stated in this citation, and to which the learned author seems to give his sanction, is supported by a reference to *Thomas* v. *De Graffenreid*, 2 *Nott & McC.* 143. In that case, which was an action for a malicious prosecution, the opinion of the court, after expressing doubt as to the correctness of what was said by Buller, J., in *Morgan* v. *Hughes*, 2 *T. R.* 225, goes on to say: " The rejection of a bill by the grand jury has never been held in this state as the legal end of a prosecution, unless the party has been regularly discharged thereupon by order of the court. Another bill may be preferred." This opinion is in harmony with previous decisions in the same court.

It was held in *Smith* v. *Shackleford*, 1 *Nott & McC.* 36, that the entry of a *nolle prosequi* on the back of the warrant, by the proper prosecuting officer, was not such a termination of the prosecution as would, without an order of discharge from the court, enable the party to maintain an action for malicious prosecution ; and in *O'Driscoll* v. *McBurney*, 2 *Nott & McC.* 54, that if the proceeding complained of " could be considered as a prosecution, it was necessary to show that it was at an end ; and the refusal of the grand jury to act on it would not have been a final termination of it, for the defendant might have applied to another grand jury, who might have thought proper to present the plaintiff."

These decisions seem to me to involve a double fallacy in

assuming (1) that what the rule requires to be at an end is not the particular proceeding complained of, but the plaintiff's liability to be prosecuted for the same offence charged in that proceeding; and (2) that a discharge by order of the court would relieve him from such liability. The question being whether or not, by the entry of a *nolle prosequi*, the rejection of a complaint by the grand jury, or the return of an *ignoramus*, a particular prosecution, alleged by the plaintiff to be false and malicious, and injurious to his rights, is at an end in the sense of the rule, the answer of the court in effect is that the prosecution is not at an end in that sense, and cannot be without a discharge by order of the court, for the reason that, without such a discharge, the plaintiff might still be prosecuted. Another complaint might be made; another bill might be preferred for the same offence. But manifestly this may be done just as well after as before a formal discharge by the court. And it is equally clear that the fact that the plaintiff may still be prosecuted for the same offence can have no pertinence to the question as to the termination of the prosecution or proceeding complained of, except upon the wholly untenable theory that an action for a malicious prosecution cannot be maintained so long as the plaintiff remains liable to be prosecuted for the same matter with which he alleges himself to have been falsely and maliciously charged. This has, indeed, been frequently, if not generally, held with respect to the formal action for conspiracy, but, as is clearly pointed out by Parker, C. J., in *Jones* v. *Given, Gilb. Cas.* 185, for reasons peculiar to that action, and founded on the form of the writ. In that case, where one of the questions was whether an action on the case for malicious prosecution could be maintained without showing a verdict of acquittal, Parker, C. J., refers to *Smith* v. *Cranshaw, Lutw.* 79, as involving the same question, and states that it was there held, upon great consideration, that an acquittal was not necessary, but that an endeavor, falsely and maliciously, to indict a man, &c., though *ignoramus* be returned upon it, is sufficient, "and this," he adds, "was only a desertion of the prosecution, which was not tried, nor otherwise at

Potter v. Casterline.

an end nor determined." He cites also a number of old cases to the point that if the bill be returned *ignoramus*, it is no objection to the action for malicious prosecution, by which I understand him to mean that by this return the alleged malicious prosecution is shown to be at an end in such a sense that an action may at once be maintained for it. It is clear that such was understood to be the law by one, at least, of the judges who decided Morgan *v.* Hughes, already referred to. The question being whether, in an action of this sort, the plaintiff's alleging, in his declaration, that he had been discharged from his imprisonment, amounted to a statement that the prosecution was at an end, Buller, J., said : "There are various ways by which a man may be discharged from his imprisonment without putting an end to the suit. If indeed it had been alleged that he was discharged by the grand jury's not finding the bill, that would have shown a legal end to the prosecution."

It is true that this was said after stating his agreement with Ashhurst, J., that the action ought to have been trespass and not case, and that if he had stopped there the result would have been the same. But that he should make such a remark at all, considering the circumstances under which it was made, and in the absence of any indication of dissent or doubt, goes far to show that the point under consideration was not then, and in that court, regarded as open to any doubt.

What is said by Blackstone (4 *Com.* 305) does not differ materially from the view expressed by Buller, J., in the case just referred to. Speaking of the effect of the grand jury's not finding a bill, he says, "Then the party is discharged without further answer. But a fresh bill may afterwards be presented to a subsequent grand jury." The meaning of which seems plainly to be, that while another prosecution may be instituted for the same offence, the particular prosecution or complaint which has resulted in the failure to find a bill, is, *ipso facto*, completely at an end.

Without pursuing this question further, my conclusion, from what has been said and from the authorities referred to,

is, that the rule contended for by the plaintiff in error rests upon no sufficient ground of reason or authority, and savors too much of "acute technicality" to commend itself to the sanction of this court.

The plaintiff below, having shown that the prosecution was terminated by the grand jury's throwing out the bill, had shown all that was required in order to maintain his action, and there was, therefore, no error in refusing to non-suit on the second ground.

The other ground upon which the non-suit was claimed was, that the plaintiff had failed to show that the proceedings against him were taken without probable cause. It was not questioned that the plaintiff was bound to show this by some affirmative evidence. There was no error, however, in refusing to non-suit for want of such evidence, because, in the first place, the plaintiff had shown a rejection of the complaint by the grand jury, which has been generally regarded as *prima facie* evidence of want of probable cause; and, in the second place, he had given evidence of facts from which it might be inferred that the defendant had no actual belief or suspicion that the plaintiff had committed the crime with which he was charged; and it was the province of the jury, and not of the court, to say whether or not the facts would warrant such an inference.    2 *Greenl. Ev.*, § 454; 1 *Am. Lead. Cas.* 266, 268.

At the close of the case, the court was requested to charge the jury that if they believed that the defendant gave to the magistrate a fair statement of the facts, and after such statement made a complaint by advice of the magistrate, the verdict should be for the defendant.

The court declined to charge as requested, and this is assigned for error. The court was clearly justified in refusing this request for two reasons—*First.* The request assumes that there was evidence in the case tending to show that the defendant made a statement of facts to the magistrate, and then made his complaint by advice of the magistrate. The case shows that while such evidence was offered it was objected to and overruled by the court, without any exception being taken

to such ruling. If there was any error it was in excluding the evidence offered, and not in refusing the request; but, *Second.* Even if the evidence had been admitted, there would still have been no error in the refusal to charge, because the legal proposition involved in the request, viz., that a defendant in such an action may excuse himself by showing that he acted under the advice of the committing magistrate, is untenable.

In 1 *Am. Lead. Cas.* 267, (*215,) what I understand to be the true rule upon this point is thus stated : " If a party lays all the facts of the case fairly before counsel of competency and integrity, before beginning proceedings, and acts *bona fide* upon the opinion given by that counsel, however erroneous that opinion may be, he is not liable to this action. * * * A defendant cannot excuse himself by showing that he consulted with an unprofessional person, and followed his advice." See *Id.* 267, 268. Two other requests to charge were properly refused by the court for reasons which have been already sufficiently stated.

The judgment of the Circuit Court must be affirmed.