WILLIAM H. GROVE, JR., PLAINTIFF IN ERROR, v. CORNELIUS VAN DUYN AND CHARLES L. STOUT, DEFENDANTS IN ERROR.

1. A magistrate is not liable to an action in consequence of a decision made by him in a matter which was colorably though not really within his jurisdiction.
2. Neither in such case is the person who made the complaint which led to such decision liable in an action of trespass.

On error to the Middlesex Circuit.

Grove v. Van Duyn.

This was an action for trespass for assault and unlawful imprisonment. The defendant, Cornelius Van Duyn, pleaded the general issue of not guilty to the declaration, which was in its usual form in trespass, for assault and unlawful imprisonment.

The defendant Charles L. Stout also pleaded the general issue to the said declaration, and gave notice of special matter in evidence under said plea, setting up that he was one of the justices of the peace of the county of Middlesex, and that the following complaint was made before him by Cornelius Van Duyn :

State of New Jersey, Middlesex county, *ss.*—Cornelius Van Duyn, administrator of Samuel Van Tilburgh, deceased, of the township of Franklin, county of Somerset, upon his oath complains that on the 1st day of December, 1879, at the township of South Brunswick, in the county of Middlesex, Simeon P. Grove, William H. Grove, Jr., and Jediah Higgins, with force and arms, did enter upon the lands of Samuel Van Tilburgh, deceased, and with force and arms did unlawfully carry away about four hundred bundles of cornstalks, to the value of $8, and were engaged in carrying other cornstalks from said lands of said Van Tilburgh, deceased ; and therefore he prays that the said Simeon P. Grove, William H. Grove, Jr., and Jediah Higgins may be apprehended and held to answer said complaint and dealt with as law and justice may require.

C. VAN DUYN,
*Administrator*

Sworn and subscribed before me this 1st day of December, 1879,

CHAS. L. STOUT,
*Justice of the Peace.*

Stout, as such justice, thereupon issued his warrant in the ordinary form, directing the said two persons and the said

Higgins to be brought before him to answer the said complaint; and such three persons having been arrested by a constable, on such warrant, and being brought before said justice, and having waived an examination, were by him committed to the jail of the county for the cause mentioned in the complaint, to await the action of the next grand jury. Having given bail the next day the persons so arrested were discharged, and thereupon one of them, William H. Grove, Jr., brought this suit in trespass for the above-mentioned imprisonment. At the trial the plaintiff was non-suited, and to review that judgment this writ of error was brought.

For the plaintiff in error, *A. V. Schenck* and *E. T. Green.*

For the defendants in error, *J. H. Stewart.*

The opinion of the court was delivered by

BEASLEY, C. J. Most of the general principles of law pertaining to that branch of this controversy which relates to the alleged liability of the defendant in this suit, who was a justice of the peace, are so completely settled as not to be open to discussion. The doctrine that an action will not lie against a judge for a wrongful commitment, or for an erroneous judgment, or for any other act made or done by him in his judicial capacity, is as thoroughly established as are any other of the primary maxims of the law. Such an exemption is absolutely essential to the very existence, in any valuable form, of the judicial office itself; for a judge could not be either respected or independent if his motives for his official actions or his conclusions, no matter how erroneous, could be put in question at the instance of every malignant or disappointed suitor. Hence we find this judicial immunity has been conferred by the laws of every civilized people. That it exists in this state in its fullest extent, has been repeatedly declared by our own courts. Such was pronounced by the Supreme Court to be the admitted principle in the case of *Little* v. *Moore*, 1 *South.* 75; *Taylor* v. *Doremus*, 1 *Harr.* 473; *Man-*

*gold* v. *Thorpe*, 4 *Vroom* 134; and by this court in *Loftus* v. *Fraz*, 14 *Vroom* 667. To this extent there is no uncertainty or difficulty whatever in the subject.

But the embarrassment arises where an attempt is made to express with perfect definiteness when it is, that acts done by a judge and which purport to be judicial acts, are such within the meaning of the rule to which reference has just been made.

It is said everywhere in the text-books and decisions, that the officer, in order to entitle himself to claim the immunity that belongs to judicial conduct, must restrict his action within the bounds of his jurisdiction, and jurisdiction has been defined to be " the authority of the law to act officially in the particular matter in hand." *Cooley on Torts* 417. But these maxims, although true in a general way, are not sufficiently broad to embrace the principle of immunity that appertains to a court or judge exercising a general authority. Their defect is that they leave out of the account all those cases in which the officer in the discharge of his public duty is bound to decide whether or not a particular case, under the circumstances as presented to him, is within his jurisdiction, and he falls into error in arriving at his conclusion. In such instance, the judge, in point of fact and law, has no jurisdiction according, to the definition just given, over " the particular matter in hand," and yet, in my opinion, very plainly he is not responsible for the results that wait upon his mistake. And it is upon this precise point that we find confusion in the decisions. There are certainly cases which hold that if a magistrate in the regular discharge of his functions, causes an arrest to be made under his warrant on a complaint which does not contain the charge of a crime cognizable by 'him, he is answerable in an action for the injury that has ensued. But I think these cases are deflections from the correct rule; they make no allowance for matters of doubt and difficulty. If the facts presented for the decision of the justice are of uncertain signification with respect to their legal effect, and he decides one way, and exercises a cognizance over the case; if the superior court in which the question arises in a suit against the justice differs

with him on this close legal question, is he open, by reason of his error, to an attack by action? If the officer's exemption from liability is to depend on the question whether he had jurisdiction over the particular case, it is clear that such officer is often liable under such conditions, because the higher court, in deciding a doubtful point of law, may have declared that some element was wanting in the complaint which was essential to bring this case within the judicial competency of the magistrate. But there are many decisions which, perhaps, without defining any very clear rule on the subject, have maintained that the judicial officer was not liable under such conditions. The very copious brief of the counsel of the defendants abounds in such illustrations. As an example, we may refer to the old case of *Gwynne* v. *Poole*, 2 *Lutw.* 387, in which it was held that the justice was justified because he had reason to *believe* that he had jurisdiction, although there was an arrest in an action which arose out of the justice's jurisdiction. This case has been since approved in *Kemp* v. *Neville*, 10 *C. B.* (*N. S.*) 550. Here, if the test of official liability had been the mere fact of the right to take cognizance over the particular matter in hand, considered in the light of strict legal rules, this decision would have been the opposite of what it is. In the same way the subject is elucidated in *Brittain* v. *Kinnard*, 1 *B. & B.* 432, the facts being a conviction by a justice of a person of having gunpowder in a certain *boat*, a special act authorizing the detention of any suspected *boat;* and when the magistrate was sued in trespass for an illegal conviction, it was declared that the plaintiff, in order to show the defendants' want of cognizance over the proceedings leading to the conviction, could not give evidence that the craft in question was a *vessel* and not a boat, because the justice had judicially determined that point. And in this case likewise, the test of jurisdiction in the magistrate in point of fact and of law, was rejected; an inquiry into the authority by force of which the proceedings had been taken being disallowed for the reason that such question had been passed upon by the magistrate himself, the point being before

Grove v. Van Duyn.

him for adjudication. The same doctrine was promulged in explicit and forcible terms by Mr. Justice Field, delivering the opinion of the Supreme Court of the United States, in the case of *Bradley* v. *Fisher*, 13 *Wall.* 335, this being his language: "If a judge of a criminal court, invested with general criminal jurisdiction over offences committed within a certain district, should hold a particular act to be a public offence which it is not, and proceed to the arrest and trial of a party charged with such act, * * * no personal liability to civil action for such acts would attach to the judge, although those acts would be in excess of his jurisdiction, or of the jurisdiction of the court held by him, for these are particulars for his judicial consideration, whenever this general jurisdiction over the subject matter is invoked."

These decisions, in my estimation, stand upon a proper footing, and many others of the same kind might he referred to, but such course is not called for, as it must be admitted that there is much contrariety of results in this field, and the references above given are amply sufficient as illustrations for my present purposes. The assertion, I think, may be safely made, that the great weight of judicial opinion is in opposition to the theory that if a judge, as a matter of law and fact, has not jurisdiction over the particular case, that thereby, in all cases, he incurs the liability to be sued by any one injuriously affected by his assumption of cognizance over it. The doctrine that an officer having general powers of judicature, must, at his peril, pass upon the question, which is often one difficult of solution, whether the facts before him place the given case under his cognizance, is as unreasonable as it is impolitic. Such a regulation would be applicable alike to all courts and to all judicial officers acting under a general authority, and it would thus involve in its liabilities all tribunals except those of last resort. It would also subject to suit persons participating in the execution of orders and judgments rendered in the absence of a real ground of jurisdiction. By force of such a rule, if the Supreme Court of this state, upon a writ being served in a certain manner, should declare that

it acquired jurisdiction over the defendant, and judgment should be entered by default against him, and if, upon error brought, this court should reverse such judgment on the ground that the service of the writ in question did not give the inferior court jurisdiction in the case, no reason can be assigned why the justices of the Supreme Court should not be liable to suit for any injurious consequence to the defendant proceeding from their judgment. As I have said, in my judgment, the jurisdictional test of the measure of judicial responsibility must be rejected.

Nevertheless, it must be conceded that it is also plain that in many cases a transgression of the boundaries of his jurisdiction by a judge, will impose upon him a liability to an action in favor of the person who has been injured by such excess. If a magistrate should, of his own motion, without oath or complaint being made to him, on mere hearsay, issue a warrant and cause an arrest for an alleged larceny, it cannot be doubted that the person so illegally imprisoned could seek redress by a suit against such officer. It would be no legal answer for the magistrate to assert that he had a general cognizance over criminal offences, for the conclusive reply would be, that this particular case was not, by any form of proceeding, put under his authority.

From these legal conditions of the subject my inference is, that the true general rule with respect to the actionable responsibility of a judicial officer having the right to exercise general powers, is, that he is so responsible in any given case belonging to a class over which he has cognizance, unless such case is by complaint or other proceeding put at *least colorably* under his jurisdiction. Where the judge is called upon by the facts before him to decide whether his authority extends over the matter, such an act is a judicial act, and such officer is not liable in a suit to the person affected by his decision, whether such decision be right or wrong. But when no facts are present, or only such facts as have neither legal value nor color of legal value in the affair, then, in that event, for the magistrate to take jurisdiction is not, in any manner, the per-

formance of a judicial act, but simply the commission of an unofficial wrong. This criterion seems a reasonable one; it protects a judge against the consequences of every error of judgment, but it leaves him answerable for the commission of wrong that is practically wilful; such protection is necessary to the independence and usefulness of the judicial officer, and such responsibility is important to guard the citizen against official oppression.

The application of the above-stated rule to this case must, obviously, result in a judgment affirming the decision of the Circuit judge. There was a complaint, under oath, before this justice, presenting for his consideration a set of facts to which it became his duty to apply the law. The essential things there stated were, that the plaintiff, in combination with two other persons, "with force and arms," entered upon certain lands, and "with force and arms did unlawfully carry away about four hundred bundles of cornstalks, of the value," &c., and were engaged in carrying other cornstalks from said lands. By a statute of this state, (*Rev.*, *p.* 244, § 99,) it is declared to be an indictable offence, "if any person shall wilfully, unlawfully and maliciously" set fire to or burn, *carry off* or destroy any barrack, cock, crib, rick or stack of hay, *corn*, wheat, rye, barley, oats or grain of any kind, * * or any trees, herbage, growing grass, hay or other vegetables, &c. Now, although the misconduct described in the complaint is not the misconduct described in this act, nevertheless the question of their identity was *colorably* before the magistrate, and it was his duty to decide it; and under the rule above formulated, he is not answerable to the person injured for his erroneous application of the law to the case that was before him.

As to the other defendant, all he did was to make his complaint on oath before the justice, setting forth the facts truly, and for such an act he could not be held liable for the judicial action which ensued, even if such action had been extrajudicial. But as the case was, as we have seen, brought within the jurisdiction of the judicial officer, neither this de-

fendant, nor any other person could be treated as a trespasser for his co-operation in procuring a decision and commitment which were valid in law, until they had been set aside by a superior tribunal.

Let the judgment be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, KNAPP, MAGIE, PARKER, REED, VAN SYCKEL, CLEMENT, COLE, KIRK, GREEN, PATERSON. 14.

*For reversal*—None.