PAUL BADEWITZ v. WEST JERSEY AND SEASHORE RAIL-
ROAD COMPANY.

Submitted July 5, 1907—Decided November 11, 1907.

The fifty-ninth section of the act concerning railroads (Query: and
  . canals) (*Pamph. L.* 1903, *p.* 574) does not justify the arrest of a
  passenger on a train who refuses to pay his fare under a *bona fide*
  belief that the ticket which he proffers entitles him to travel on
  that train.

On error to Gloucester Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justice REED.

For the plaintiff in error, *Gaskill & Gaskill.*

For the defendant in error, *David O. Watkins.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This is an action for assault and battery and false imprisonment.   The alleged errors are the refusal of the trial court to direct a nonsuit; the refusal to direct a verdict in favor of the defendant, and the refusal of the court to charge certain requests which were submitted on behalf of the defendant.   The proofs showed that the plaintiff purchased an excursion ticket from the defendant company's agent entitling him to ride from Paulsboro to Philadelphia and return; that he did not use this ticket on his way to Philadelphia, but upon coming back to Paulsboro used the return portion of the ticket, which the conductor took up; that on a later day he boarded a train at Paulsboro and offered the portion of the ticket which he still retained as his fare, and that the conductor refused to accept it because upon its face it was not good unless the return portion thereof was annexed to it.   The plaintiff refused to pay the fare, insisting that he was entitled to ride on the ticket, and, upon reaching the terminus of the road at Camden he was arrested at the instigation of the defendant company's employes and taken before the recorder of that town, where a charge of "refusing to pay railroad fare" was made against him.   He was tried on that charge, found guilty, and fined the sum of thirty-four cents, which was the amount of the fare from Paulsboro to Camden.   This amount he paid.   His arrest and arraignment before the recorder are the foundation of the present suit.

The first ground upon which it is contended that a nonsuit should have been directed is that the conviction before the recorder is a bar to the present action.   But in our opinion this contention is not sound.   The charge which was made before the recorder, and upon which the conviction rested, sets out no offence which the statute recognizes.   It is only in those cases where a person travels, or attempts to travel, on a train of a railroad company without having previously paid his fare, *and with intent to avoid payment thereof,* that the fifty-ninth section of the revised Railroad act of 1903 authorizes an arrest and prosecution.   *Pamph. L.* 1903, *p.*

674. There was no allegation in the charge before the magistrate that the plaintiff did what he did with intent to avoid the payment of his fare. The conviction, therefore, is no bar to the present action.

It is further contended that a nonsuit should have been directed because the proofs showed that the plaintiff's arrest was not against his will, but rather was with his consent. On the facts submitted this question was one not for the determination of the court, but of the jury, and a nonsuit on this ground was therefore properly refused.

There was no error in the refusal to direct a verdict for the defendant. The plaintiff was entitled to have submitted to the jury the question whether he was attempting to ride upon the defendant company's train with intent to avoid the payment of his fare, or whether he was doing so in the honest belief that the ticket which he held entitled him to ride.

Counsel for plaintiff in error specifies in his argument no reason why the refusal of the court to charge any of the requests submitted was erroneous, nor do we discover any reason for that conclusion.

The judgment below should be affirmed.