DAVID MILLER, APPELLEE, v. HARRY LAI, APPELLANT.

Submitted July 2, 1908—Decided November 9, 1908.

1. In an action for malicious prosecution, the court having instructed the jury that there was no malice, left the question of lack of probable cause to the jury. *Held,* error, because both malice and want of probable cause are essential to support the action.

2. Want of probable cause being merely evidence of malice, not malice itself, the jury must find the existence of malice to support a judgment for the plaintiff.

---

On appeal from the District Court of the city of Passaic.

Before Justices REED, BERGEN and VOORHEES.

For the appellee, *John O. Benson.*

For the appellant, *Randal B. Lewis.*

The opinion of the court was delivered by

VOORHEES, J. This is an appeal from the District Court of the city of Passaic. The action was brought for false im-

prisonment and malicious 'prosecution, and was tried before the court and a jury, and a verdict rendered for the plaintiff.

The defendant is a Chinaman conducting a restaurant in Paterson. About midnight several men entered the restaurant, ate a meal, and when requested to pay for it assaulted the defendant and his employes. The assailants ran out and customers in the place summoned the police who came and found the defendant badly beaten and in a semi-conscious state. The defendant knew none of his assailants. The police began an investigation. One of the policemen gave the defendant a slip of paper containing three names alleged to be his assailants, which the defendant took to the police station next morning. This slip did not contain the name of the plaintiff, and when it was presented by the defendant, accompanied by a police officer, to the secretary of police, with whom police reports are filed, the secretary erased one name and inserted that of the plaintiff saying, "Miller (the plaintiff) is the man you want." The secretary's information was based upon reports filed with him made by policemen detailed on the case. The defendant took the slip of paper as amended by the secretary to the recorder, who prepared the complaint and issued the warrant upon which the plaintiff was arrested. The plaintiff, after spending twenty-four hours in jail, was released on bail, and then went to the defendant's place of business where the defendant failed to identify him, and stated that maybe he had arrested the wrong one, and two days later at the trial in Special Sessions again failed to identify the plaintiff. The plaintiff had been twice arrested by the police before this time. The defendant had never known the plaintiff, and has not much knowledge of the English language or the customs of the country.

At the close of the plaintiff's case a motion for a nonsuit was made on the ground that there was no right of action for false arrest (imprisonment), as the prosecution was regular and the court from whence it issued had jurisdiction, and that there was no action for malicious prosecution, as the plaintiff had failed to show malice or lack of reasonable and

probable cause in making the complaint. The motion was denied.

At the close of the defendant's case the motion was renewed on the grounds above stated and on the further ground that the defendant had shown that he had reasonable and probable cause for making his complaint. The court allowed the motion as to the count for false imprisonment, and further held that there was no actual malice in the case, but denied the nonsuit as to the count for malicious prosecution. The defendant then moved for the direction of a verdict in his favor on the ground that there was no malice and that lack of reasonable and probable cause had not been shown. Thereupon the court charged the jury that there was no actual malice shown in the case, but the question for them to decide was whether or not the defendant had reasonable and probable cause to cause the plaintiff's arrest.

The court was requested to charge that the defendant had reasonable and probable cause for his complaint against the plaintiff. This was refused. The court thereupon charged that the question of reasonable and probable cause was one for the jury to decide. The jury found in favor of the plaintiff for $100 and costs.

In an action for malicious prosecution it is incumbent upon the plaintiff to show that there was no probable cause for the prosecution, and also that the defendant was actuated by malice in instituting such prosecution. There must be both want of probable cause and malice. If probable cause is shown then the question of malice becomes immaterial, because there being probable cause one of the essential elements necessary to maintain the action is disproved. The question of the existence of reasonable and probable cause must be decided by the court and should not be left to the jury. *Magowan* v. *Rickey,* 35 *Vroom* 402; *Robitzek* v. *Daum,* 220 *Pa.* 61.

Whether the proof of certain facts constitutes probable cause is a question of law, and it is error to submit such question to the jury. *Travis* v. *Smith,* 1 *Pa. St.* 234.

The court having taken from the jury the question of malice, submitted only the question of probable cause against

the defendant's request for binding instructions. This was error. As there must be malice shown, and the court distinctly found that malice was not present, an essential element was absent and there should have been a direction for the defendant. *Stewart* v. *Sonneborn*, 98 *U. S.* 187; *Crescent City, &c., Co.* v. *Butchers' Union*, 120 *Id.* 141.

The plaintiff cannot support the judgment except there be evidence of malice, from which the jury has found its existence. *Schofield* v. *Ferrers*, 47 *Pa. St.* 194. There seems to be an entire absence of any facts from which malice could be imputed to the defendant.

The judgment is reversed.