FREDERICK E. CROTOIS, DEFENDANT IN ERROR, v. PENNSYLVANIA RAILROAD COMPANY, PLAINTIFF IN ERROR.

Submitted March 27, 1911—Decided September 25, 1911.

When the conductor of the defendant's train was justified in causing the arrest of the plaintiff for a violation of section 59 of the General Railroad act of 1903 (*Pamph. L., p.* 674), in knowingly and willfully proceeding on the defendant's train beyond the distance for which he had paid his fare without previously paying the additional fare for the additional distance, and with intent to avoid payment thereof, the plaintiff, in such circumstances, could not subject the defendant company to liability for false imprisonment by tendering to the conductor the amount of the fare after he has been thus legally arrested at the end of the journey.

---

On error to the Supreme Court.

For the plaintiff in error, *Vredenburgh, Wall & Carey.*

For the defendant in error, *Abner Kalisch* and *Samuel Kalisch, Jr.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff's action was for assault and battery and false imprisonment.

On the trial, at the Essex Circuit, it appeared that on March 12th, 1909, the plaintiff was riding upon a local train of the defendant company, eastbound from Philadelphia to Jersey City. According to the plaintiff's testimony he was riding on the return half of an excursion ticket bought in Jersey City. It appeared that, by the company's regulations, three collection points for tickets upon local trains were established upon such route, the first at Philadelphia, the second at Trenton, the third at New Brunswick. Upon the trip in question, the conductor, after leaving Philadelphia, took up the Trenton tickets and punched those reading beyond Trenton, including the plaintiff's. After leaving Trenton the conductor proceeded to take up the New Brunswick tickets and the plaintiff handed him his ticket, but whether it was punched and returned to the plaintiff is in dispute. After the train left New Brunswick the conductor demanded plaintiff's ticket, whereupon the plaintiff insisted that the conductor had taken his ticket and had not returned it. This the conductor denied and insisted that the plaintiff should look through his pockets, and the conductor looked through his collected tickets, but neither found the plaintiff's ticket. Thereupon the conductor demanded fare from the plaintiff from New Brunswick to Jersey City, which the plaintiff refused to pay. Upon the arrival of the train in Jersey City, the plaintiff was arrested at the instance of the conductor by an officer to whom the conductor had telephoned to be in waiting. Immediately following the plaintiff's arrest, he was taken to an office in the terminal building, and there, according to the plaintiff's testimony, he tendered to the conductor the amount of the fare from New Brunswick to Jersey City; but according to the defendant's witnesses he did not tender such fare to the conductor.

The arrest of the plaintiff was grounded upon an alleged violation of section 59 of the General Railroad act of 1903. *Pamph. L., p.* 674. That section provides, among other things, that "if any person having paid his fare (on any train of any

642    COURT OF ERRORS AND APPEALS.

Crotois v. Penna. R. R. Co.    *81 N. J. L.*

railroad) for a certain distance shall knowingly and willfully proceed on such train beyond such distance without previously paying the additional fare for the additional distance, and with intent to avoid the payment thereof," he may be apprehended, &c.

In laying down the law of the case in his charge to the jury, the learned trial judge assumed that the conductor was justified from the circumstances on the train in setting in motion section 59 of the act. The legal propriety of such assumption may well be doubted. Assuming, for present purposes, the validity of the section in question, which is disputed by counsel for the defendant in error, we incline to think that the evidence herein recited, and other evidence unnecessary now to be mentioned in detail, as to what occurred on the train, presented a jury question as to this phase of the case. The statute is penal, and must be strictly construed. In order to justify action under it, the passenger must have traveled, not only without paying his fare, *but also with intent to avoid payment thereof*. *Badewitz* v. *West Jersey and Seashore Railroad Co.*, 46 *Vroom* 268; *Tidey* v. *Erie Railroad Co.*, 37 *Id.* 382; *affirmed*, 38 *Id.* 352. But in view of the result of the trial, it is unnecessary for us to now pass upon the propriety of the assumption by the trial judge that the conductor was justified, as a matter of law, in ordering the plaintiff's arrest.

After having thus assumed that the conductor was justified in setting in motion the machinery of the fifty-ninth section, the trial judge further instructed the jury that the arrest took place when the conductor pointed out the plaintiff to the officer on the platform in Jersey City. He then charged in effect that the right of the plaintiff to recover depended upon whether the plaintiff thereafter, in the office to which he was taken, made a *bona fide* offer of the fare to the conductor, and concluded by saying: "Is it proved to your satisfaction that this money was offered to the conductor and refused by the conductor fairly and squarely? If so, the plaintiff is entitled to a verdict; if not, the defendant is entitled to a verdict."

That instruction, assigned for error by the defendant, we think, requires a reversal.

As already pointed out, the judge assumed, perhaps improperly, the existence of the facts necessary to constitute a justification for the arrest; but at least there was evidence warranting a finding of those facts by the jury. Supposing, therefore, the plaintiff had been lawfully arrested for a completed violation of section 59, he could not render the arrest unlawful, and subject the company to an action for false imprisonment, by afterwards tendering to the conductor the amount of his fare.

The judgment below will be reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, BOGERT, VREDENBURGH, CONGDON, JJ. 11.