### JACOB J. KENDEL, APPELLEE, v. FREDERICK V. GUTERL, APPELLANT.

Submitted March 20, 1913—Decided June 3, 1913.

Defendant, desiring to have plaintiff, a trespasser, ejected from his premises, applied to the police and was directed to a magistrate, to whom he stated the circumstances and that he wished the intruder ejected. The magistrate drew and had the defendant sign and swear to a complaint charging plaintiff generally with violating section 1 of the Disorderly Persons act (*Comp. Stat., p.* 1926) but stating no facts. Warrant was issued on this complaint and plaintiff arrested. *Held,* that defendant was not under the circumstances liable in trespass for false imprisonment.

On appeal from the District Court of Jersey City.

Before Justices TRENCHARD, PARKER and VOORHEES.

For the appellant, *Isaac Gross.*

For the appellee, *Alexander J. Higgins.*

The opinion of the court was delivered by

PARKER, J. The suit is for false imprisonment, and the defendant was sought to be held liable because of his having sworn to a complaint, which was the basis of a warrant under which plaintiff was arrested as a disorderly person. There was a judgment for plaintiff below, and defendant appeals.

The legal grounds upon which the trial court based its judgment do not appear. The warrant under which plaintiff was arrested is not questioned as to its form, and is based on a complaint signed and sworn to by defendant before a magistrate. The making of the complaint came about in this way: Plaintiff was employed in defendant's butcher shop, and was discharged for alleged impoliteness to defendant's wife, who was acting as cashier. Defendant ordered him to take his wages and leave, but he refused. Defendant appealed unsuccessfully to a policeman to put plaintiff out, then went to police headquarters and repeated his application there and was taken to a justice of the peace, to whom he again stated these facts, and that he wished plaintiff removed from his premises. The justice then drew the following complaint, which was signed and sworn to by defendant:

Criminal Court of Jersey City.

City of Jersey City, ⎫
County of Hudson, ⎬ *ss.*
State of New Jersey, ⎭

Fred V. Guterl, of 181 Newark Ave., Jersey City, being duly sworn, complains that on the 26th day October, A. D. one thousand nine hundred and twelve, at Jersey City aforesaid, John Kendel, of Wayne street, J. C., is a disorderly person, in that he did violate section 1 of an act entitled "An act concerning disorderly persons" (Revision 1898).

Wherefore, this complaint prays that the said offender may be dealt with according to law.

Fred V. Guterl,
*Complainant.*

Sworn to, &c.

Whereupon a warrant was issued, reciting the charge of the complaint, and plaintiff was arrested by a police officer. Defendant did not read the complaint nor was he informed particularly as to its contents.

An examination of section 1 of the Disorderly Persons act (*Comp. Stat., p.* 1926) will show that the conduct of which defendant complained to the police and to the magistrate is not covered by any of its provisions. It is aimed at—*first,* paupers refusing to stay in their places of legal settlement; *second,* beggars and tramps; *third,* deserters of their families; *fourth,* idlers without means of support; *fifth,* fortune tellers and the like; *sixth,* runaway servants, common drunkards, thieves, night walkers and prostitutes. The complaint was manifestly insufficient, apart from its falsity, in failing to allege any facts from which the conclusion that plaintiff was a disorderly person could be drawn.

It does not appear that the defendant asked to have plaintiff arrested or knew that he was to be arrested, or that he did aught but what he was advised and instructed to do by the magistrate. We have, therefore, the case of a complainant stating the facts honestly and truly to the justice, and asking, not for an arrest but for an ejection, and swearing, not to facts but to a conclusion of law under the advice and instructions of the magistrate. What followed was not of his procurement and was not participated in by him in any way. The question then is, whether he should be held liable for false imprisonment. This precise question does not seem to have been dealt with in our decisions. In *Grove* v. *Van Duyn,* 15 *Vroom* 654, a decision of the Court of Errors and Appeals, the complaint stated truly facts which it was held colorably gave the magistrate jurisdiction, and the defendant who swore to the complaint was held, in an opinion by Chief Justice Beasley, not liable for the judicial action which ensued, even if such action had been extrajudicial. In *Booth* v. *Kurrus,* 26 *Id.* 370, in this court, the same judge held that if the complainant stated the facts truly, he had a right to submit them to the judgment of the magistrate, no matter what his notion was as to their legal value.

If malice and want of probable cause appear, the complainant in such case is liable for malicious prosecution (*Navarino* v. *Dudrap,* 37 *Vroom* 620; *Dordoni* v. *Smith,* 53

*Id.* 525); but the present suit is not one for malicious prosecution.

In the recent case of *Badewitz* v. *West Jersey and Seashore Railroad Co.,* 46 *Vroom* 268; *affirmed.* 48 *Id.* 800, the plaintiff was imprisoned on a complaint charging him with "refusing to pay railroad fare," and on which he was found guilty. It was held in the Supreme Court, whose opinion was adopted by the Court of Errors and Appeals, that this charge set out no offence recognized by the statute, and therefore the conviction was no bar to an action of false imprisonment.

If the Badewitz case is applicable, it is, of course, controlling, and the judgment below was right. But it lacks the elements that inhered in Grove *v.* Van Duyn and Booth *v.* Kurrus, of a truthful preliminary statement of facts to a magistrate and his advice and judgment thereon; and so neither overrules the earlier decisions nor controls the case at bar. While the complaint in the present case does not state the facts related by the defendant to the justice, and in fact states only a conclusion of law which is erroneous, still that conclusion is one for which the justice and not the defendant was responsible, and, consequently, the case comes within the spirit of the ruling in Grove *v.* Van Duyn, and defendant should not have been "held liable for the judicial action which ensued." The outside authorities are not uniform, but this result appears to accord with the better considered cases. 12 *Encycl. L.* (*2d ed.*) 756; 19 *Cyc.* 330.

The judgment below will be reversed and judgment entered under the statute in this court for the defendant below. *Pamph. L.* 1902, *p.* 565; *Pamph. L.* 1910, *p.* 236; *Comp. Stat., p.* 2016, *pl.* 213a.