## MEYER BLITZER, PLAINTIFF, v. CHARLES MICHAELS DEFENDANT.

Decided June 21, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the rule, *William I. Lewis* and *Charles H. Roemer*.

*Contra, Bernard L. Stafford.*

PER CURIAM.

The plaintiff was an employe of the defendant at the latter's store, in Paterson, where ladies' clothing of all kinds apparently was sold. In March, 1927, the defendant discovered that a lady's sport cloth coat, valued at $39.50, had disappeared. An investigation was thereupon made, and the plaintiff, upon being questioned, said that he had sold the coat and had turned in the purchase-money to the cashier. This the cashier denied. The defendant then called upon the police authorities in Paterson and told them that the coat was missing. They made an investigation, and then one of the members of the police force took the plaintiff to the police station, as he said, for examination and interrogation, although he did not formally arrest him. The defendant was

afterward advised by the police authorities to make a complaint against the plaintiff for the larceny of the coat. This he refused to do until he had consulted his lawyer. After such consultation, in which, he testified, he disclosed every fact of which he had knowledge, he made a complaint against the plaintiff, charging him with the larceny of the coat. A warrant was thereupon issued, and the plaintiff was arrested. He gave bail, and was taken the next day before the recorder of the city, and at the close of the trial the recorder rendered a finding in his favor of not guilty. The plaintiff then instituted the present suit, and the jury awarded a verdict in his favor, assessing his damages at $5,000.

It is argued on behalf of the defendant that a new trial should be directed, for the reason that the court, in dealing with the question of defendant's liability, erroneously charged the jury that the absence of probable cause necessarily infers the existence of malice in the defendant's conduct. This statement is taken *verbatim* from the opinion of Mr. Justice Minturn in the case of *Sunderbrand* v. *Schills,* 82 *N. J. L.* 702. This rule of law declared by our court of last resort was binding not only upon the trial court in the present case, but is also binding upon this court in determining the soundness of the defendant's contention. We deem it proper, however, to point out that there is no suggestion in the opinion referred to that this necessary inference cannot be overcome by proper proof controverting its existence; and that it is entirely settled by our decisions that this may be done.

It is further contended that the trial court erroneously admitted, over objection, certain testimony given by one Herman, a witness called by the plaintiff. The witness was permitted to testify that on a visit made by him to "The Credit Clearing House," in New York, he saw among the files of that corporation a letter written upon the defendant's business paper, and signed by the defendant; and that he saw the following sentence therein: "We do not recommend him for credit." The purpose of this testimony manifestly was to induce the jury to believe that the letter referred to the plaintiff, and that the defendant, Michaels, had written it to The

Credit Clearing House for the purpose of injuring the plaintiff's reputation. But the plaintiff was not named in the letter nor referred to therein, so far as Herman's evidence showed, for he testified that the sentence that has just been quoted was the only thing in the letter that he was able to read, except the signature of the defendant. Consequently, the letter might just as well have referred to anyone else in the world as to the present plaintiff, so far as the jury could tell. There not being anything in it to identify it as an attack upon the plaintiff, it should have been excluded, and the refusal of the trial court to do so constituted harmful error.

Moreover, the testimony as to the contents of the letter, even if it showed that the plaintiff was the subject thereof, was secondary evidence, and was not competent unless a satisfactory explanation of the failure to produce the letter itself was first given, and no such explanation appears in the state of the case submitted to us.

For the reason last discussed, the rule to show cause will be made absolute and a retrial ordered.