This matter is before the court for determination on motion made on behalf of defendants, except Louis E. Olpp, to strike out the Amended Complaint on the grounds: All twenty-seven counts of the Amended Complaint are "verbose, repetitious and redundant." It is further contended that some of the counts do not charge a cause of action. Considering the counts in their order as set forth in the Amended Complaint, the first five counts allege a cause of malicious prosecution against the defendant mentioned in *Page 286 
each count. All of the counts contain the assertion, "or permitted." The last mentioned statement as it appears in each of said counts is stricken for the reason that mere passive knowledge, acquiescence or permission does not cast a responsibility on the defendant. Responsibility arises out of affirmative activity or participation in the prosecution, 120A.L.R. Annotated 1322.
It should be noted also in the charge of malicious prosecution, the absence of probable cause necessarily infers the existence of malice, Blitzer v. Michaels, 146 A. 589. The elements of malicious prosecution are: (1) the prosecution is ended; (2) there is no probable cause; (3) defendant was actuated by malice in instituting the suit. Miller v. Lai, 77 N.J.L. 137;Weisner v. Hansen, 81 N.J.L. 601, and Potter v. Casterline,41 N.J.L. 24.
The court determines that the motion to strike the above mentioned five counts is denied, with the exception that the words "or permitted" be stricken from each count.
In actions for false imprisonment, malice is not an essential element of the right of action as in malicious prosecution. The gist of false imprisonment is unlawful detention; Chitty onPleadings 600, and 11 R.C.L. 794. Where there is a warrant issued, complaint made and a hearing before a magistrate or a trial, an action for false arrest cannot be maintained. Particularly is this so where the warrant is issued in a regular manner. Annotated Cases, 1912B, p. 1373. See also Kendel v.Guterl, 84 N.J.L. 533; Apgar v. Woolston, 43 N.J.L. atp. 58, and 44 N.J.L. 654.
The motion to strike the Sixth, Seventh, Eighth, Ninth and Tenth Counts is granted.
In the five counts in the complaint from 11 to 15, inclusive, the plaintiff contends, charge an action for slander against the defendants therein mentioned. The history of this case shows that the original complaint filed was stricken as not being sufficient in law. Under these circumstances it is felt necessary to make references to dependable authorities for a better understanding of the proper procedure and pleadings based upon a charge of slander. *Page 287 
 Chitty, a dependable authority on the practice of common law, stated that:
"Technical objections to declarations for causes of action * * *, whether for written or verbal slander have certainly been admitted to an extent injurious to the mode of administering justice."
There has been a change in the practice and pleading of those cases since the time of Chitty, and it is necessary to have some idea of the rules as they existed at common law in order to better understand the proper procedure at the present time. At common law there were four principal items that were required in order to present a legal and proper declaration. First, was the inducement or prefatory statement in which it was held that an inference or presumption of law need not in general be stated in the pleading because the law presumes the innocence of crime or other misconduct. The plaintiff need not in his declaration aver his innocence of the charge or attack upon his character. It was, however, usual to state by way of introduction plaintiff's innocence of the imputation. It was also held that where the libel or slander is prima facie or per se actionable, a declaration stating the defendant's malicious intent and the defamation, showing that it refers to the plaintiff, was sufficient without any prefatory inducement of the circumstances under which the words were spoken. But if the slander did not naturally and per se convey the meaning, the meaning the plaintiff would wish to assign to them, it must expressly show that such matter existed and the slander related thereto. Upon the same ground in declarations for libel or slander which are only actionable in regard to having affected the plaintiff in his trade, profession or business there must be a distinct allegation that the plaintiff was at the time of the scandal in such profession, or exercising such calling — otherwise the record will be substantially defective. If the slanderous matter is actionable of itself and independent of the plaintiff's trade or profession it would not be fatal to introduce by averment the plaintiff's trade or profession. In the practice at common law the second necessary item was the colloquium. *Page 288 
In this item the declared was required to show words spoken and published of and concerning the plaintiff. The third item necessary in a proper pleading at common law was the statement of the slander itself and the publication thereof. Great care was required to be taken in setting out the words and that they were uttered and whether about the plaintiff or to him. Fourth, was the innuendo which required great attention and proof, and Fifth, the consequent damages.
In the year 1903 there was enacted a law in the State of New Jersey which provided as follows:
"2:59-3. In an action for libel or slander, plaintiff may aver that the words or matter complained of were used in a defamatory sense, specifying such sense, without a prefatory averment to show how the words or matter were used in that sense. Such an averment shall be put in issue by a denial of the alleged libel or slander. If the words or matter set forth, with or without the alleged meaning, show a cause of action, the complaint shall be sufficient."
If the words themselves, or the words together with the meaning attributed to them by the plaintiff, disclose a cause of action the complaint will be deemed valid. Jaeger v. Bederdick,70 N.J.L. 372. If the words, either as such or in the meaning imputed to them by the plaintiff, are slanderous per se, an allegation of special damages is not essential. The Empire CreamCo. v. De Laval Dairy Co., 75 N.J.L. 207; Ramsdell v. Penna.R.R. Co., 79 N.J.L. 379; Ritchie v. Widdemer, 59 N.J.L. 290; Freisinger v. Moore, 65 N.J.L. 286. On the other hand where the words are not actionable per se special damages must be alleged in the complaint. See also Ann. Cas. 1914D, 95;Ann. Cas. 1917b, p. 963.
All of the counts last mentioned refer to paragraphs 1 and 10 of the First Count of the Complaint as hereinbefore stated. The words "or permitted" as contained in Counts 1 and 10 should be stricken.
The ninth paragraph of the First Count should be amended so as not to make a charge referring to malicious prosecution; but to the charge which is evidently intended that the words mentioned in the counts were false and malicious and injure the reputation of the plaintiff. Upon making the changes *Page 289 
indicated, a motion to strike the five counts for slander will be denied.
The 16th, 17th, 18th and 19th Counts will be stricken as they are repetitious of the malicious prosecution charges in the first five counts of the Complaint.
The 20th, 21st, 22nd and 23rd Counts are stricken for the reason that they are a repetition of the false imprisonment counts hereinbefore stricken.
Counts 24 to 27, inclusive, are stricken for the reason that they are a repetition of the slander counts hereinbefore sustained. *Page 290