CASE 68—PETITION ORDINARY—JUNE 10.

# Ratcliffe v. Louisville Courier-Journal Company et al.

APPEAL FROM MARION CIRCUIT COURT.

1. LIBEL—EVIDENCE.—When a defendant, in an action for libel, pleads that the libelous matter complained of by the plaintiff is true, the character of the plaintiff is in issue, and evidence concerning his general character is admissible.

2. SAME.—Where the libelous charge was that "he had been in more rows than any other one man in this county," and the answer pleaded the truth of the charge, it was proper to bring out in evidence before the jury, instances of quarrels and disturbances in which the plaintiff had been engaged in that county; and how far such specific acts went toward establishing the truth of the charge was a question for the jury.

3. ERRORS ON TRIAL—SUBSTANTIAL RIGHTS.—Although errors were committed against the appellant on the trial in the lower court, his substantial rights were not prejudiced thereby because the jury found in effect that the libelous part of the article complained of was substantially true.

L. S. PENCE FOR APPELLANT.

1. The appellant had the right to serve summons on both the agent and the president of the publishing company, and if the first summons was not sufficient the last one was, to all intents and purposes, and the court erred in ruling otherwise. (Adams Express Co. v. Crenshaw, 78 Ky., 136; L. & N. R. R. Co. v. Coleman, 7 Ky. L. R., 229; Bridge Co. v. Douglas, 12 Bush, 711.)

2. The mere fact that a publisher of libelous words heard them is no defense in law. (Mallory v. Pioneer Press Co., 34 Minn., 521; Riley v. Lee, 88 Ky., 614.)

3. No court is justified in making specific acts a criterion to investigate one's general character and questions asked along this line

Ratcliffe v. Louisville Courier-Journal Co. et al.

are incompetent. (Campbell v. Bannister, 79 Ky., 208; Thurman v. Virgin & wife, 18 B. Mon., 630; Evans v. Smith, 5 Monroe, 363; Henderson v. Hayne, 2 Met., 348; Hume v. Scott, 3 Marshall, 261.)

4. The court erred in instructing the jury that they should find only actual damages. The plaintiff, in cases of libel, is not required to establish item by item, the amount of damage which he has sustained. (Alliges v. Mail Printing Asso., 66 Hun (N. Y.), 626; Blocker v. Schoff, 83 Iowa, 265.)

5. To authorize the jury to award punitive damages in an action of libel it is not necessary that an intention to injure should be shown. (Courier-Journal Co. v. Pope, 15 Ky. L. R., 877.)

6. The damages in an action for libel are not only compensatory, but where malice or gross negligence is shown, punitive damages may be given. (Cooper v. Sun Co., 57 Fed. Rep., 566.)

THOMPSON & M'CHORD on same side.

No brief in the record.

F. HAGAN for appellee.

1. The court erred in allowing to be admitted as evidence a picture printed in another publication, printed in another State and issued after the publication complained of had gone before the public.

2. Appellee could not have been injured by the publication complained of because all the article that was libelous was shown to be true.

3. Stronger language than any complained of in the publication, has been held by the courts not to be libelous. (79 Ala., 514; 66 Iowa, 694; Walker v. Tribune Co., 29 Fed. Rep., 827.) According to classifications of libels in Newell 67, this publication was not libelous. Without malice, either express or implied, an action for libel will not lie.

JUDGE LANDES delivered the opinion of the court.

This was an action to recover damages for an alleged false, malicious and libelous publication concerning the appellant. It was a dispatch sent by a special correspondent to and published in "The Times" newspaper, describing the alleged tragic killing and decapitation of the appellant

by one Mahoney at his distillery in Marion county, as the result of a quarrel which it was stated the appellant "picked with Mahoney," who was described as "a quiet and peaceable man," while of the appellant, whose home was said to be in Marion county, it was stated "he has been in more rows than any other one man in this county." The dispatch was embellished in the columns of "The Times" with startling and sensational head-lines like the following: "Brained his adversary!" "And then deliberately chopped off his head!" These were designed and had the effect to attract the attention of the readers of "The Times" to the libelous dispatch, and thus cause it to be widely circulated in Marion county "among his friends and acquaintances, and the public in general," resulting in great damage to "the good name of plaintiff," who, it was alleged, by reason of "said false publication," had already been exposed "to hatred. contempt and ridicule."

In proof of the extensive circulation of the libel and in aggravation of the damages, during the progress of the trial the court, over the objections of counsel for the appellees, permitted the appellant to exhibit in evidence before the jury a copy of the "Police Gazette," published in New York, containing the substance of the obnoxious publication, illustrated with a picture representing Mahoney in the bloody act of decapitating the appellant with the hatchet with which he had dealt him the fatal blow.

The answer of the appellee company contained a denial of the malice charged in the petition and of the injury to the character of the appellant by reason of the publication of the alleged libel, and an averment in substance of the truth of the statement that the appellee picked a quarrel with Mahoney at his distillery, who struck him a fearful

blow with a hatchet, and that appellant's home was in Marion county, "and he had been in more rows than any other one man in this county."

The issue being joined, the case was submitted to a jury, and, after the evidence was heard and the instructions given, the jury returned a verdict for the appellees, upon which a judgment was rendered dismissing the petition and for appellee's cost against the appellant, from which judgment this appeal is prosecuted.

During the progress of the trial many witnesses were introduced in behalf of the appellee, and testified concerning the general character of the appellant. This was proper, for in such cases the character of the plaintiff is deemed in issue, as it is the foundation for his claim for damages (Sutherland on Damages, second edition, section 152); but the appellees were permitted, over the objections of the appellant, to bring out in testimony before the jury many instances of quarrels and disturbances in which the appellant had been concerned or engaged in Marion county, and this is earnestly urged as error by counsel for the appellant.

We hold, however, that this testimony was properly admitted, as it was pertinent to the issue made by the averment in the answer of the truth of that part of the obnoxious publication which represented the appellant as having been in more rows than any other one man in the county, which may be said to be the only part of it that was libelous per se.

Just how far the testimony as to specific acts of disorder on the part of the appellant went towards establishing the truth of the libelous charge was for the jury to decide. Such testimony would not have been admissible to impeach the general character of the appellant, and it was not offered

or admitted for that purpose; but that the appellees had the right to prove the truth of the alleged libelous charge in this way there can be no doubt.

Exception was also taken in behalf of the appellant to the testimony of some of the witnesses who were introduced to impeach his general character on the ground that they did not qualify themselves as witnesses as to his general character by showing that they were acquainted with it. A few of the witnesses did not show clearly that they were acquainted with appellant's general reputation, in strict compliance with the rule on that subject, but on examining their testimony, we do not think, in the light of all of the testimony, that it was prejudicial to the substantial rights of the appellant on the merits.

The instructions given by the court contained a fair presentation of the law of the case. After properly defining malice, in its legal sense, to be a wrongful act done to another without just cause or excuse, the jury were told in substance that the appellant was entitled to a verdict at their hands, if the evidence showed that the publication was untrue, and that, in that event, the amount of recovery was to be fixed by them, not exceeding the amount claimed, from a consideration of all the facts and circumstances proved in the case. This was done at the request of the appellant, and, although excepted to by the appellees, it was not objectionable when taken in connection with other instructions that were given.

Two other instructions were requested by the appellant, and refused by the court. In one of them the court was requested to submit a state of case in which the jury might give punitive damages, and was properly refused because there was no evidence that would have authorized such an

instruction. The other was properly rejected because it was substantially covered by the instruction above recited, submitting the state of fact upon which the appellant was entitled to recover, from the standpoint of the appellant.

In behalf of the appellees counsel requested the court to instruct the jury in substance, first, that if the dispatch containing the alleged libelous statements was published *without actual malice*, but in good faith, and in the belief that it was true; and, second, that if the publication was proved to be true in fact, or *substantially true as published*, they should, in either event, find for the appellees. These requests were granted, and exception was taken in behalf of the appellant.

The second request was properly granted (Vance v. Louisville Courier-Journal Co., Ky. Rep., 41); but the first is subject to the objection that it based the immunity of the appellees upon the absence of *actual malice*, when the state of facts had been submitted upon which the jury were told the appellees might be held liable, from which, if they were proved, malice was to be implied; but, looking at the whole case, we are satisfied that the substantial rights of the appellant on the merits were not prejudiced by this objectionable instruction. And, upon the facts and circumstances in evidence and the law as given, the jury having found in effect that the libelous part of the publication was substantially true, and there being sufficient evidence to support that finding, and no error having been committed that was prejudicial to the substantial rights of the appellant, the judgment is affirmed.