VICTOR FREISINGER, PLAINTIFF IN ERROR, v. J. WHIL-
DIN MOORE, DEFENDANT IN ERROR.

Argued June 21, 1900—Decided November 19, 1900.

1. Words spoken of a person in his office, business or employment,
   imputing a want of integrity, of credit, or of common honesty, or
   charging personal incapacity, if without justification, are action-
   able without proof of special damage.
2. Words thus spoken are to be understood in their plain and natural
   import, according to the ideas they are calculated to convey to those
   to whom they are addressed.
3. If the words of the alleged slander are substantially proven it is
   sufficient.
4. At the close of the plaintiff's case the trial judge nonsuited the
   plaintiff. *Held*, that under the circumstances of the present case
   this was error, and that a *venire de novo* should issue.

In tort. On error to the Supreme Court. This cause was
tried at the Atlantic Circuit before Justice Ludlow and a
jury, and a nonsuit ordered.

For the plaintiff in error, *George A. Bourgeois.*

For the defendant in error, *John W. Wescott.*

The opinion of the court was delivered by

HENDRICKSON, J. This writ is brought to review a judg-
ment of nonsuit granted at the Atlantic Circuit upon an
issue out of the Supreme Court. The action was tort, for
slander.

The grounds for this judicial action are briefly stated: (1)
that the alleged slanderous words, as pleaded, are not action-
able *per se;* (2) that the proofs do not sustain the allegations
of the pleadings; (3) that no special damage was proven.

The first of these points is the pivotal one, for if the words
in themselves are actionable, then the nonsuit was wrong,
unless there was a failure of proof.

The plaintiff had been engaged in business for several

years along the boardwalk in Atlantic City, New Jersey, where he kept for sale art goods, including bronzes, paintings, bric-a-brac, china, &c.

A Mr. Henry, of Philadelphia, on August 16th, 1899, bargained with the plaintiff for a painting called "Undetermined," by Zatska, a Vienna artist, at the price of $400, making a payment thereon of $50.

Soon after the bargain, Mr. Henry came in contact with the defendant, who was also engaged in the art business along the boardwalk, and had some conversation with him in regard to the picture in question.

As a result of this conversation, so the plaintiff alleges, Mr. Henry returned to the plaintiff's store and refused to take the painting and also some other art goods he had bargained for during the previous month.

The declaration charges in the usual form of such pleading that in the conversation above alluded to the defendant falsely and maliciously spoke and published of and concerning the plaintiff, and of and concerning him in his said trade and business the false, scandalous and defamatory words following, that is to say: "That the said painting known and designated as 'Undetermined' was not an original painting, but was a copy, and that defendant could procure precisely the same painting for the sum of one hundred and fifty dollars, and that he (meaning the said plaintiff) had roped in the said Henry," meaning thereby that plaintiff had misrepresented said painting to the said Henry, and had thereby swindled the said Henry.

It will be noted that the words in question were spoken of the plaintiff in relation to his trade and occupation.

Words spoken of one in such relation may be actionable *per se,* where they would not be if spoken of him merely as an individual.  *Towns. Sl. & L.* 132, 179.

Words spoken of a person in his office, business, or employment, imputing a want of integrity, of credit or of common honesty, or charging personal incapacity, are actionable if without justification, and general damages may be recovered. *Johnson* v. *Shields,* 1 *Dutcher* 116; *McCuen* ads. *Ludlum,* 2

*Harr.* 12; *Ritchie* v. *Widdemer,* 30 *Vroom* 290; 1 *Stark. Sland.* 127; 13 *Am. & Eng. Encycl. L.* 314.

In determining whether the words spoken in this case come within this category, it must be remembered that the plaintiff had been in the art business seven years, and that therefore it may be reasonably assumed that he knew the difference between an original painting and a copy.

Regard must be had also to the rule that words are to be understood in their plain and natural import, according to the ideas they are calculated to convey to those to whom they are addressed. 13 *Am. & Eng. Encycl. L.* 378.

Having regard to these considerations, I think the words spoken would naturally convey an imputation of fraud and dishonesty on the part of the plaintiff in effecting the sale of the painting.

Even if the words themselves did not import this imputation upon the plaintiff, the pleader has attached to the words such meaning by way of innuendo.

And this being so, the one hundred and twenty-fourth section of the Practice act applies (*Gen. Stat., p.* 2554), and the declaration should be held sufficient.

In *Hand* v. *Winton,* 9 *Vroom* 122, the opinion of the Supreme Court, delivered by the late Chief Justice Beasley, holds that under this section of the statute the pleader may aver that the words set forth were used in any defamatory sense he may see fit to attribute to them, it being left to the jury to say whether they were used in such sense.

The next point to be considered is, does the proof sustain the allegations of the pleadings.

The witness testified that he heard the defendant say to Mr. Henry: "You have been roped in. I can duplicate those paintings, paintings like the one you have bought, for $100, and have them here in three months time, and make a living profit," and that at the same interview Mr. Henry said that he had bought the painting for an original.

Mr. Henry testified that the defendant stated to witness that he could duplicate the same picture for him for the sum of $100 on or about November 1st.

The rule of law is that if the words of the alleged libel are substantially proven it is sufficient. 13 *Am. & Eng. Encycl. L.* 485, 492; *Towns. Sl. & L.* 364; *Ritchie v. Widdemer, supra.*

I think this evidence does establish substantially the publication of the words complained of. And taking into consideration the circumstances under which the words were spoken, the jury might fairly conclude that they were intended to convey the imputation upon the plaintiff charged in the declaration.

It being thus held that the words are actionable and would support a verdict for general damages, it is unnecessary to consider the point that there was no proof of special damage.

My conclusion is that the learned trial judge erred in granting the nonsuit. The judgment below should be reversed, and a writ of *venire de novo* issued.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, COLLINS, FORT, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 12.