CHARLES H. JAEGER v. ANTON BEBERDICK.

Submitted December 5, 1903—Decided February 23, 1904.

The declaration alleged that plaintiff was a carpenter and builder, that he had contracted with defendant to build for him certain houses, that the contract therefor was not filed in the county clerk's office, that thereby it became the plaintiff's duty to use all moneys, paid to him by the defendant on said contract, for the purpose of paying for the labor and materials furnished to him for said houses, so that liens could not be filed therefor, that the defendant had sent the plaintiff a check as part payment on the contract and then had stopped payment of the check, and that on being asked the reason he had answered, "Because he (meaning the plaintiff) misappropriated the money," thereby meaning that the plaintiff used the money sent him unlawfully and in a dishonest manner, and did not use it for the purpose of paying the materialmen and laborers. *Held*, on demurrer, that the declaration did not set forth a legal cause of action.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and SWAYZE.

For the plaintiff, *Lindsley & MacLear*.

For the defendant, *James A. Gordon*.

The opinion of the court was delivered by

DIXON, J. The declaration in this case, the substance of which is stated in the headnote above, fails to aver any fact

from which would legally arise the alleged duty of the plaintiff to use the money, paid to him on the contract, for the purpose of paying for the labor and materials employed in building the houses. His duty to pay for such labor and materials is clear, but he was under no obligation to apply any specific fund to that purpose. Hence the duty is not legally pleaded. *Breese* v. *Trenton Horse Railway Co.,* 23 *Vroom* 250. That allegation must therefore be disregarded.

The residue of the declaration imputes to the assertion of the defendant that the plaintiff misappropriated money paid him on the contract, two meanings, one, that the plaintiff used the money unlawfully and in a dishonest manner, the other, that he did not use it to pay for the labor and materials.

The first imputed meaning does not suggest anything relating to the plaintiff's trade or business, and therefore does not state a case within that class of actionable words, nor does it indicate any criminal offence, without which, in the absence of special damage, words not relating to one's trade, business, profession or office, are not actionable. *McCuen* ads. *Ludlum,* 2 *Harr.* 12; *Johnson* v. *Shields,* 1 *Dutcher* 116. This innuendo derives no support from section 106 of our Practice act, for, while that authorizes the plaintiff to ascribe to the words of the defendant any defamatory sense, it requires the sense to be specified, and it is only when the words, either of themselves or with the alleged meaning, show a cause of action that the declaration can be deemed sufficient. Here neither the words alone nor their ascribed significance charges any indictable offence.

The other imputed meaning strips the defendant's assertion of any defamatory sense, for, as already stated, the plaintiff had a perfect right not to use the money, which was paid him on the contract, for the purpose of paying the laborers and materialmen.

No legal ground of action is averred and the defendant is entitled to judgment on the demurrer.