THOMAS H. RAMSDELL v. PENNSYLVANIA RAILROAD
COMPANY AND JOHN F. TROUT.

OTTO C. BUBECK v. PENNSYLVANIA RAILROAD COMPANY
AND JOHN F. TROUT.

Submitted July 1, 1909—Decided February 21, 1910.

A notification in writing, set up in the office of the dining car depart-
ment of a railroad company, that a certain dining car conductor
has been discharged for breach of the rules, is privileged as to
other employes of that department.

On plaintiff's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON
and PARKER.

For the plaintiffs, *Herrmann & Steelman.*

For the defendants, *Vredenburgh, Wall & Carey.*

The opinion of the court was delivered by

PARKER, J.   These are two actions of libel, arising out of
the same state of facts, and tried together.  Nonsuits were
granted as to the Pennsylvania Railroad Company, and the
jury found a verdict in favor of defendant Trout.  The court
granted a rule to show cause in each case why the nonsuit
and verdict should not be set aside and a new trial granted.
The reasons allege error in the nonsuit, in the admission and
rejection of evidence, in the charge, and that the verdict
was against the weight of evidence.  The records are identi-
cal except as to names of the respective plaintiffs, and the
matter will be treated for present purposes as one case.

The declaration alleges that the defendant Pennsylvania
Railroad Company operated a dining car service, of which

defendant Trout was superintendent, with power to hire and discharge dining car conductors, and to print and publish notices with regard thereto; that by the system in use, conductors were required to issue meal checks, so that the railroad company might be enabled to ascertain the amount of money collected and to be accounted for; that the plaintiff was employed by the railroad company as a dining car conductor, having a good reputation for honesty, &c., and that the defendants published a defamatory notice as follows:

"DINING CAR AND RESTAURANT DEPARTMENT.
"MEMORANDUM.

"June 5, 1905.

"*Notice to all Conductors.*

"For your information, Conductors O. C. Bubeck, * * * T. H. Ramsdell * * *, were discharged for failing to issue meal checks according to instructions.

"H. H. BAKER,
"Ass't. Sup't. Dining Cars."

The declaration contained an innuendo and a specification of defamatory sense under section 106 of the Practice act, which, for reasons presently to appear, need not be inserted at length. The only plea was that of general issue. At the trial it was amply proved, and not denied, that the notice was published by direction of defendant Trout by displaying it in the railroad commissary office, a place where conductors and other employes in the dining car department were required to report for orders and on matters connected with their employment; and that in accordance with the company's rules a large number of conductors who had seen the notice, had signed their names below it as an evidence of that fact. Several such conductors testified to having seen the notice thus displayed. It was also testified without denial that plaintiff had not been discharged, but had resigned. No evidence was offered for the defence on any phase of the case.

The statement that the plaintiff had been discharged, evidently for disobedience of orders, if, as claimed, and without

denial, he had voluntarily resigned, was false, and as discrediting him in seeking other employment, libelous *per se* without need of recourse to innuendo or statutory averment of defamatory sense, and without need of allegation of special damage. *Empire Cream Co.* v. *DeLaval Dairy Co.,* 46 *Vroom* 207. There was no question as to Trout's responsibility for the notice, and any question as to his act being within the scope of his employment so as to bind the railroad was disposed of by the admission of counsel in open court that "the paper was issued by the railroad company." Both defendants, therefore, were liable unless the notice was privileged as to all persons reached by its publication and no malice was shown.

We think it was privileged as to the employes of the dining car department resorting in the course of business to the office where it was set up. These should properly be officially informed of the severance of relations between the company and one of its conductors. No malice was made to appear; and if the plaintiff had been permitted to exhaust his evidence as to publication and had then failed to show such publication to any persons but those within the designated class, there might well have been a direction for both defendants on the ground of qualified privilege. *King* v. *Patterson,* 20 *Vroom* 417; *Rothholz* v. *Dunkle,* 24 *Id.* 438. But evidence was wrongly excluded which, if allowed, might well have shown an unprivileged publication. The witness Watt was asked whether during the time that the notice was posted and exposed to view, he saw other people besides dining car conductors in the room. This was objected to "on the ground that counsel should first fix the time when the witness knew," and excluded. This exclusion was erroneous. The gist of the inquiry at this stage was not the period during which the notice was posted, but what persons had been in the office where it was exposed to view; and the witness should have been allowed to answer this question even if he had been unable to fix any dates or time at all, so long as he could place the visitors and the notice in the room together.

We find no harmful error in the case except in this particular; but for this error there must be a new trial as to both defendants. The rule will accordingly be made absolute in both cases.