## TAYLOR *v*. GUMPERT.

### Opinion delivered November 7, 1910.

1. APPEAL AND ERROR—FAILURE TO ABSTRACT EVIDENCE—PRESUMPTION.— Where the evidence adduced in the trial court is not set out in appellant's abstract, the presumption will be indulged on appeal that such evidence was sufficient to sustain the verdict of the jury. (Page 356.)

2. SAME—FAILURE TO ABSTRACT EVIDENCE—PRESUMPTION AS TO INSTRUCTIONS.—Where the appellant neglects to abstract all of the testimony, it will be presumed that the instructions given were based upon competent evidence unless the instructions were inherently erroneous. (Page 356.)

3. LIBEL AND SLANDER—WORDS ACTIONABLE PER SE.—Words which tend to disgrace another, and to hold her up to public contempt, and to charge her with the commission of such immoral acts as are criminal, are actionable *per se.* (Page 356.)

4. SAME—RIGHT TO COMPENSATORY DAMAGES.—Where slanderous words are actionable *per se,* the plaintiff is entitled as a matter of law to compensatory damages, and is not required to introduce evidence of actual damages to entitle him to recover substantial damages. (Page 356.)

5. CONTINUANCE—DISCRETION OF TRIAL COURT.—It is only where the trial court has abused its discretion in the matter of continuances that the Supreme Court will reverse the cause. (Page 357.)

6. SAME—ABSENCE OF WITNESSES.—It was not an abuse of discretion to refuse a continuance on account of the absence of certain witnesses where, although the cause was pending for several months, the appellant did not ask for a subpoena for such witnesses until the day before the day set for the trial, nor where the application did not

state whether the witnesses resided in the court's jurisdiction or whether it was probable that their attendance could be procured. (Page 357.)

7. APPEAL AND ERROR—FAILURE TO ABSTRACT TESTIMONY.—It was not an abuse of discretion to refuse a continuance on account of the absence of a witness whose testimony would have tended merely to mitigate the damages recovered by appellee, if appellant has failed to abstract the testimony, so that it cannot be seen whether the testimony was not ample to sustain the amount awarded by the jury, even in view of the testimony of the absent witness. (Page 358.)

Appeal from Drew Circuit Court; *Henry W. Wells,* Judge; affirmed.

*R. W. Wilson,* for appellant.

Whether there was actual or express malice was a question for the jury, and instructions which take away this question from the jury are erroneous. 56 Ark. 494-501; *Id.* 94-98.

The burden of proving malice is on the plaintiff. Newell on Slander, 827, 323; 129 S. W. 807. Where express malice on the part of the defendant is not shown by the evidence, exemplary or punitive damages can not be recovered. 25 Cyc. 536 (b) (1); *Id.* 539 (5); 56 Ark. 94. The award of $300 for compensatory damages was contrary to the evidence. In estimating compensatory damages the jury should consider all matters relevant to show the extent of the injury done by words; and, without evidence to show injury to plaintiff's reputation, health, business, cost of litigation, or touching future damages, a verdict for compensatory damages is contrary to law. 25 Cyc. 532. The motion for continuance should have been granted. The error of the clerk in issuing the subpoena for the witnesses to appear in a different case, a mistake for which appellant was not responsible, prevented his obtaining their attendance. The court's ruling was contrary to the statute, § 6173, Kirby's Digest, and a clear abuse of discretion. 14 Cyc. 384-5; 10 Ark. 527; 21 Ark. 460; 22 Ark. 166; 42 Ark. 273; 9 Cyc. 172-3; 4 Ala. 303, 310.

*Williamson & Williamson,* for appellee.

1. The appeal should be dismissed because appellant has failed to abstract the evidence offered by the parties at the trial, without which the court has not before it "such statements from the record as are necessary to a full understanding of all questions presented to the court for decision.".

2.   There was no abuse of discretion in overruling the motion for continuance.   No diligence was shown.   94 Ark. 538; 40 Ark. 114.

3.   Uttering words which are slanderous *per se* implies malice, and proof of such uttering is proof of malice such as to justify an award of compensatory damages.   95 Ark. 199, and cases cited.   The jury were properly instructed both as to compensatory and punitive damages and as to the burden of proof. ·

FRAUENTHAL, J.   This is an appeal from a judgment awarding damages for slander.   It was alleged that the slanderous words were uttered and spoken of and concerning Mrs. Agnes Gumpert, the plaintiff below, and the jury returned a verdict in her favor for $300 compensatory and $100 punitive damages. A number of witnesses testified upon the trial of this case, but the appellant has failed to set out the testimony of these witnesses in his abstract.   As has been reepatedly held by this court, we indulge the presumption that the testimony adduced upon the trial of a case is sufficient to sustain the verdict of the jury when such evidence is not set out in the abstract.   *France v. Shockey*, 92 Ark. 41.   The appellant has set out in his abstract of the case all the instructions that were given.   In as much as the appellant has failed to abstract the testimony, none of these instructions can be said to be erroneous if they were justified by any evidence that was competent to establish the issue involved in this case, because it will be presumed that such evidence was introduced upon the trial.   Upon an examination of these instructions, we do not find that any of them was inherently wrong.   In effect, the court instructed the jury that the plaintiff was entitled to recover compensatory damages if the words set out in the complaint were uttered and published by the defendant.   These words were defamatory of the plaintiff, and were not only of a nature tending to disgrace and degrade her and hold her up to public contempt and cause her to be shunned, but they charged her with the commission of such immoral acts as under our laws would be criminal.   The words were therefore actionable *per se*.   *Murray* v. *Galbraith*, 86 Ark. 50.

Where the slanderous words are actionable *per se,* the plaintiff is entitled as a matter of law to compensatory damages, and is not required to introduce evidence of actual damages to

entitle him to recover substantial damages. In such case the plaintiff need not prove special damages in order to recover substantial damages. *Murray* v. *Galbraith,* 95 Ark. 199; 25 Cyc. 490.

The instructions relative to punitive damages which were given by the court were not erroneous if they were warranted by testimony introduced at the trial, and we presume that such was the case.

It is urged by counsel for appellant that the court erred in refusing to grant him a continuance. It appears that the complaint in this case was filed on October 6, 1909, and summons thereon was duly served on appellant on October 30, 1909. The court to which the summons was returnable convened on February 14, 1910, and the cause was set for trial for February 18, 1910. On February 18, 1910, the appellant filed his answer, and on the same day filed a motion for a continuance to the following term of the court on account of the absence of witnesses. On February 17, 1910, the appellant applied to the clerk for the issuance of a subpoena for these witnesses, but by error another and different case was named in the subpoena in which the witnesses were summoned to appear. One of the witnesses was served with the subpoena, but it does not appear on what exact date. None of the witnesses thus named in the subpoena appeared at the trial. The testimony which, as set out in the motion, it was expected that these witnesses would give related to the bad character of the plaintiff. This court has repeatedly held that the matter of continuance of causes is ordinarily left to the discretion of the trial court, and that it is only in cases where such discretion has been clearly abused that this court will reverse upon the ground that the lower court erred in refusing to grant a continuance. *Clampett* v. *State,* 91 Ark. 567; *Miller* v. *State,* 94 Ark. 538.

In the present case we do not think that due diligence was shown to secure the attendance of these witnesses. The appellant was advised of the institution of this suit on October 30, 1909, and for some days the case was set for trial on the docket of the court for February 18, 1910. He had from October 30, 1909, to February 18, 1910, to prepare for his trial and to take steps to procure his witnesses. He did not ask for the issuance of a subpoena for these witnesses until a day before

the day set for the trial of the case. If error was made in the issuance of the subpoena, such error is attributable to the appellant, rather than to the clerk. A strict degree of care and diligence required the appellant to see that the subpoena was properly issued and delivered to the proper officer for service. *Clampett* v. *State, supra.* In addition to this, the motion does not state the residence of any of the desired witnesses except Morrison, and it does not appear therefrom whether or not they resided within the jurisdiction of the court or whether it was probable that the attendance of the witnesses could be secured.

The testimony which it was alleged that Morrison would give only related to the bad character of the plaintiff, and therefore it was only competent to mitigate the damages. The testimony adduced upon the trial of this case has not been abstracted, and we can not say that it was not ample to sustain the amounts given by the jury both for compensatory and punitive damages, even in view of the testimony which appellant claims he could have introduced. We can not therefore say that a manifest injustice has been done to the appellant by the refusal to grant him a continuance.

Under all the circumstances of this case, we do not think that it has been shown that the lower court abused its discretion in refusing to continue the case.

The judgment is affirmed.