## WATERS-PIERCE OIL COMPANY v. BRIDWELL.

### Opinion delivered March 10, 1913.

1. LIBEL AND SLANDER—TRUTH AS DEFENSE.—In an action for slander, the truth of the alleged slanderous charge may be given in evidence or justification thereof and is a complete defense, and it need be shown only that the statement is substantially true. (Page 313.)

2. LIBEL AND SLANDER—LIABILITY OF CORPORATION—TRUTH OF AGENT'S STATEMENTS.—In an action for slander where the evidence shows that the statements of defendant's agents that plaintiff's oils had failed to come up to statutory requirements, and the undisputed evidence shows said statements to be substantially true, there is no question for the jury, as a complete defense is made out. (Page 313.)

Appeal from Boone Circuit Court; *George W. Reed*, Judge; reversed and dismissed.

*Mehaffy, Reid & Mehaffy,* for appellant.

1. A joint action against two or more for slander can not be maintained. 48 Am. Dec. 423; 121 S. W. 1026; Hale on Torts, 122; 25 Pa. 550; 22 Atl. 970; 35 Pac. 1011; 25 Cyc. 1011; 13 Enc. Pl. & Pr. 30; 34 Atl. 995; Cooley on Torts, 91; 32 Cent. Dig. § 171.

2. If defendants had made the statements alleged, and if they had been untrue, there would be no liability.

Bishop on Contracts, § 664; 31 Ark. 72; 105 Fed. 163. The peremptory instruction asked by defendant should have been given.

3.   The law of this case is settled in 147 S. W. 64; 108 Fed. 721; 57 N. Y. Supp. 475.   The truth is a perfect defense.   36 S. W. 171; 14 Atl. 51; 57 *Id.* 157.

4.   Estimated profits are too vague and indefinite to form a criterion of damages.   33 Ind. 54; 23 N. C. 607; 42 Am. Dec. 38.

*J. M. Shinn, E. G. Mitchell* and *Troy Pace,* for appellee.

The law of this case was finally settled on the former appeal. 147 S. W. 64. The testimony is the same. 92 Ark. 554. The court properly instructed the jury and it has again found for plaintiff and the judgment should be affirmed.

KIRBY, J.   This is the second appeal of this case, a statement of which and the opinion on the first appeal will be found in *Waters-Pierce Oil Company* v. *Bridwell,* 147 S. W. 64. The cause was reversed for error committed in the giving as amended of two instructions numbered 7 and 8, this court having held that the instructions as requested were correct and should have been given without modification, as follows:

"No. 7.   If you find from the evidence in this case that the inspectors authorized by law in Arkansas made inspection of the oils of plaintiff and stated that they did not come up to the required test, then the defendants and everybody would have a right to say that they understood or that this was the decision of the inspector, and that it was violative of the law to sell these oils and whoever sold them was subject to prosecution; and if defendants, or any of them, made these statements, this would not make them liable to the plaintiff, and your verdict would be for the defendants.

"No. 8.   You are instructed that it makes no difference whether the inspection made by the authorized inspectors in Arkansas was correct or incorrect, if they made a test and stated that it was below the require-

ments of the law, then the defendant had a right to make the statement that whoever made the sale would be prosecuted; and they are not liable to the plaintiff for making such statements, even if they resulted in damage to him.''

Sections 4063-4071 of Kirby's Digest of the Statutes provide for the inspection of oils that may or can be used for illuminating purposes, prescribe the fire test, how the oils shall be branded upon inspection and penalties for violation of the law.

Upon the trial anew A. W. Cripps testified that he was oil inspector for Boone County in May, 1911, and inspected some oil for Mr. Bridwell but did not remember the exact date nor the exact figures that the inspection showed but that it did not come up to the legal requirement and that he made a statement that it did not. ''I know that it did not come up to 150 degrees, it did not come up to the test. I got the statute or the rule from the statute and followed that, inspected it according to the provisions of the law at the time.''

V. C. Mabrey testified: ''I was oil inspector for Searcy County in April and May, 1911, and lived at Leslie, and inspected some oil that Mr. Bridwell had there. None of it went as high as 150 degrees before it burned. I made the inspection according to law and branded the oil 'Condemned unsafe for illuminating purposes.' I did not notify Mr. Bridwell that I was going to inspect it; nobody requested me to inspect it. I found the oil was there and had been stamped and only stamped 'test 124' and I went and tested it.'' Some time after this the witness tested some other oil shipped into that county by the Indian Refining Company and found it up to the legal requirements and made a certificate to that effect, dated May 25, 1911.

The testimony of these witnesses is undisputed and according to the statements of the different witnesses the agents of the Waters-Pierce Oil Company in the furtherance of its business in the sale of its oils told the prospective customer that they understood that the

Bridwell oils had been tested and did not stand the test required by law and that it was unlawful to sell oils that did not stand the inspection test. Some of the witnesses said that appellant's agents either made the statement that the oils sold by Bridwell did not stand the inspection test required by law or that they would not stand such test and that it was against the law to sell oils that burned at a lower temperature than that designated in the statute. The agents themselves testified that they had heard that the oil had been tested by the inspectors, that it failed to stand the test required by law and had been condemned. They also stated that they told prospective customers that it was against the law to sell oils that did not stand the inspection test required by the statute and that any one so doing could be prosecuted and might get into trouble. The law as declared on the former appeal is necessarily the law of this case and the court there said that if the inspectors authorized by law of this State made inspection of the oils sold by Bridwell and stated that they did not come up to the required test, the defendant and everybody else would have the right to say that they understood, they did not, or that this was the decision of the inspectors and it was violative of the law to sell these oils and whoever sold them was subject to prosecution, and if defendants or any of them made these statements it would not make them liable to the plaintiff and the verdict should be for the defendants, and this without regard to whether the inspection made by the authorized inspectors in Arkansas was correct or incorrect; that if they made the test and stated that it was below the requirements of the law, the defendants had the right to make the statement that whoever made the sale could be prosecuted and were not liable to the plaintiff for making such statements even if it resulted in damage to him.

The truth of the alleged slanderous charge may be given in evidence or justification thereof and is a complete defense, and in order that it may be so it need only be shown that the statement is substantially true. It is

only required to be substantially proved.     25 Cyc. 526, and cases cited; *Ratcliffe* v. *Louisville Courier Journal,* 36 S. W. 177; *Press Company* v. *Stewart,* 14 Atl. 51; *Jaeger* v. *Berledick,* 57 Atl. 157.

The undisputed testimony shows not only that the statements charged to have been made by the appellant company through its agents were made but also that the oils of the Indian Refining Company sold by Bridwell about which they were made were inspected )by the authorized inspectors of the State of Arkansas who declared that they failed to come up to the test required by law and consequently the statements made by the agents relative thereto were shown by the undisputed evidence to be substantially true, and, such being the case, there was no question for the jury to decide.

The court erred in not directing a verdict for appellant as requested.     *Bingham* v. *Ry.,* 149 S. W. (Ark.) 90; *Williams* v. *St. Louis & S. F. Rd. Co.,* 103 Ark. 401, 147 S. W. (Ark.) 93.

The judgment is reversed and the case dismissed.