## MARTHA DAVIS, PLAINTIFF, v. THE TRUST COMPANY OF NEW JERSEY, A BANKING CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Decided February 10, 1948.

*Martha Davis, pro se.*

For the defendant, *Nugent & Rollenhagen.*

BROWN, S. C. C. This matter is before the court for determination on a motion made by defendant to strike out the

amended complaint on the grounds that the complaint does not disclose a cause of action; that it is uncertain, vague and indefinite; that special damages are not pleaded and that there was no publication. A history of this case discloses that the original complaint as well as an amended complaint, were stricken by another member of the Circuit Court on substantially the same grounds as above mentioned. Under those circumstances it is felt necessary to make copious references to dependable authorities for a better understanding of the proper procedure in pleading based upon a charge of slander. Chitty, a dependable authority on the practice at common law, stated that "technical objections to declarations for causes of action * * *, whether for written or verbal slander have certainly been admitted to an extent injurious to the mode of administering justice." There has been a change in the practice and pleading of those cases, since the time of Chitty, and it is necessary to have some idea of the rules as they existed at common law in order to better understand the proper procedure at the present time. At common law there were four principal items that were required in order to present a legal and proper declaration. First, was the inducement or prefatory statement in which it was held that an inference or presumption of law need not in general be stated in the pleading because the law presumes the innocence of crime or other misconduct. The plaintiff need not in his declaration aver his innocence of the charge or attack upon his character. It was, however, usual to state by way of introduction plaintiff's innocence of the imputation. It was also held that where the libel or slander is *prima facie* or *per se* actionable, a declaration stating the defendant's malicious intent and the defamation, showing that it refers to the plaintiff, was sufficient without any prefatory inducement of the circumstances under which the words were spoken. But if the slander did not naturally and *per se* convey the meaning, the meaning the plaintiff would wish to assign to them, it must expressly show that such matter existed and the slander related thereto. Upon the same ground in declarations for libel or slander which are only actionable in regard to having affected the plaintiff in his trade, profession or

business there must be a distinct allegation that the plaintiff was at the time of the scandal in such profession, or exercising such calling—otherwise the record will be substantially defective. If the slanderous matter is actionable of itself and independent of the plaintiff's trade or profession it would not be fatal to introduce by averment the plaintiff's trade or profession. In the practice at common law the second necessary item was the colloquium. In this item the declaration was required to show words spoken and published of and concerning the plaintiff. The third item necessary in a proper pleading at common law was the statement of the slander itself and the publication thereof. Great care was required to be taken in setting out the words and that they should be uttered and whether about the plaintiff or to him. Fourth, was the innuendo which required great attention and proof, and fifth, the consequent damages.

In the year 1903 there was enacted a law in the State of New Jersey which provided as follows:

"2:59–3. In an action for libel or slander, plaintiff may aver that the words or matter complained of were used in a defamatory sense, specifying such sense, without a prefatory averment to show how the words or matter were used in that sense. Such an averment shall be put in issue by a denial of the alleged libel or slander. If the words or matter set forth, with or without the alleged meaning, show a cause of action, the complaint shall be sufficient."

If the words themselves, or the words together with the meaning attributed to them by the plaintiff, disclose a cause of action the complaint will be deemed valid. *Jaeger* v. *Beberdick,* 70 *N. J. L.* 372; 57 *Atl. Rep.* 157. If the words, either as such or in the meaning imputed to them by the plaintiff, are slanderous *per se,* an allegation of special damages is not essential. *The Empire Cream Separator Co.* v. *De Laval Dairy Co.,* 75 *N. J. L.* 207; 67 *Atl. Rep.* 711; *Ramsdell* v. *Pennsylvania Railroad Co.,* 79 *N. J. L.* 379; 75 *Atl. Rep.* 444; *Ritchie* v. *Widdemer,* 59 *N. J. L.* 290; 35 *Atl. Rep.* 825; *Freisinger* v. *Moore,* 65 *N. J. L.* 286; 47 *Atl. Rep.* 432. On the other hand where the words are not actionable *per se* special damages must be alleged in the com-

plaint. In alleging special damages it is not always necessary to name the customers whose business has been lost by the defamation. *Trenton Mutual Life and Fire Insurance Co.* v. *Perrine,* 23 *N. J. L.* 402.

The amended complaint, in its first paragraph, now under consideration alleges that the plaintiff resides in the City of Jersey City and that she was "always reputed, esteemed and. accepted by and among all her neighbors and other good and worthy citizens of this state to be in anywise known, to be a person of good name, fame and credit." The second paragraph alleges, "that on the 14th of February, 1947, at the defendant's bank, located at No. 921 Bergen Avenue, in the City of Jersey City, County of Hudson and State of New Jersey, in the presence of divers persons, whose names are unknown to the plaintiff and too numerous to refer to herein, the defendant, through its agent, Mr. Lounsbury, who is employed by the defendant as a teller, falsely and maliciously and for the purpose of injuring the plaintiff in her good name, reputation and credit, spoke of and concerning the said plaintiff in a loud and malicious manner, as follows: "Don't lend Mrs. Davis any money. We don't want to do business with her; her credit isn't any good." And did on the date aforesaid, tell the Local Loan Company on Sixth Avenue and Forty-second Street, in the City, County and State of New York, not to do business with the plaintiff because she was not a responsible person, and further did make the same false statements to various other banking and loan institutions so as to ruin the credit of the plaintiff." The third and last paragraph alleges, "that by reason of the speaking of the said remarks in the presence of said several people, among whom were neighbors and business associates of the said plaintiff, the said plaintiff has been and is greatly injured in her good name, character, reputation and credit and has found it difficult to carry on her usual business because of her injured credit, so as to deprive her of certain sums of money, which she otherwise might have made;" thereafter follows the demand for damages. It should be noticed that the defendant corporation is being sued and not its alleged employee, who is charged with having made the

utterances upon which the suit is based. A corporation is liable for a slander uttered by its agent while acting in the scope of his employment and in the actual performance of the duties thereof touching the matter in question though the corporation had no knowledge and did not ratify the act of the agent. *Fensky* v. *Maryland Casualty Co.*, 264 *Mo.* 154; 174 *S. W. Rep.* 416; *Ann. Cas.* 1917D, 963. It is also well-settled that a corporation is liable for slander spoken by its agent within the scope of his employment and in the actual performance of his duties and particularly so where the words spoken were ratified by the corporate employer. *Waters-Pierce Oil Co.* v. *Bridwell*, 103 *Ark.* 345; 147 *S. W. Rep.* 64; *Ann. Cas.* 1914B, 837. The pleading under consideration, while it alleges that the occurrence took place at the bank of the defendant, it does not state in what part of the bank and particularly fails to allege that the agent at the time the words were spoken did so in the course of his employment, or that the words were spoken within the authority given to him by his employer or that the words spoken were ratified by the defendant. It is also apparent that the plaintiff has failed to allege in what business or profession she was engaged at the time the words were spoken. The business and occupation of the plaintiff should be clearly described in the amended complaint and also the effect thereof. If the allegation is not sufficient to meet the test of an actionable slander *per se* the damages incurred should be specifically alleged. The amended complaint now before the court for consideration is stricken. The plaintiff will be allowed to file another amended complaint on or before the 8th day of March, 1948. Further amendments will not be allowed.