DUNAGAN *v.* UPHAM.

4-8619                                           214 S. W. 2d 786

Opinion delivered November 8, 1948.

*J. F. Quillin* and *Boyd Tackett,* for appellant.

*Abe Collins,* for appellee.

SMITH, J.   The appellants in their complaints, which are practically identical, charged appellee with having stated to certain persons named that appellants gave him a drug, and while under its influence they robbed him

and stole money from him in an amount not less than $800. There was testimony sufficient to support these allegations, if believed by the jury. Appellee defended upon the ground that he did not make the alleged slanderous statement, and not on the ground that it was true. No issue was made as to the truth or falsity of the statement. The causes were consolidated and tried together and separate verdicts were returned in each case for defendant—appellee. For the reversal of the judgments entered upon these verdicts it is insisted that incompetent testimony was admitted and that erroneous instructions were given.

The alleged incompetent testimony was to the following effect. Appellant Dunagan had procured a federal retail liquor dealer's license to sell intoxicating liquors in dry territory, and had the reputation of being engaged in the illegal sale of intoxicating liquors.

Of course, if appellee did not make the alleged slanderous statement, there was no right of recovery, but we do not know that the jury's verdict was based upon that finding. The alleged statement was slanderous *per se,* if it was made, and was false and appellants would be entitled to recover damages, but as already said appellee denied making the statement. The insistence is that the verdict is not conclusive of the fact that the statement was not made as it was induced by incompetent testimony and erroneous instructions.

Actions of this character put in issue the plaintiff's reputation and it is permissible to show that the reputation is bad. The case of *Simonson* v. *Lovewell,* 118 Ark. 81, 175 S. W. 407, was an action for libel in which Simonson had accused Lovewell of being a defaulter in public office. The following instruction was approved in that case:

"In determining the amount of damages you will award to the plaintiff, in the event you find for the plaintiff, you have the right to take into consideration all of the evidence in the case, and if you find that prior to the publication of said article plaintiff's reputation for morality was bad, and that he further bore the repu-

tation of being a defaulter, then you may consider such evidence in mitigation of any damages you may award the plaintiff by way of compensation.''

The effect of this instruction was to permit proof of bad general reputation in slander and libel cases as to morality and also to permit proof of reputation as to the particular charge made in that case that the plaintiff was a defaulter in a public office. There Simonson had charged Lovewell with being a defaulter in public office, and it was held competent to prove that Lovewell bore that reputation.

The great weight of authority appears to be that while in actions of this character the general reputation for morality may be shown, such proof must be confined to general reputation, except that plaintiff's reputation for guilt of the specific charge may be shown.

At § 251 of the chapter on Libel and Slander, 53 C. J. S. 369, it is said: ''The general bad character or reputation of the plaintiff is a mitigating circumstance in an action for libel or slander.''

In the chapter on Evidence, 32 C. J. S., p. 69, it is said: ''As a general rule, specific acts, whether of good conduct or bad conduct, cannot be shown in rebuttal of evidence as to character.'' We have many cases to the same effect not relating to libel or slander, a number of which are cited in *Kirkpatrick* v. *State,* 177 Ark. 1124, 9 S. W. 2d 574.

This is true for the reason stated at § 436 of the chapter on Evidence, 32 C. J. S. 68, that one is supposed to be ready to defend his general reputation when and if it is attacked, but that he cannot be expected to anticipate, without notice, that proof of some particular act may be offered not relevant to the issue, but offered merely to support an inference of bad character.

The case of *Abell* v. *Commercial Industrial Corp.,* 241 N. Y. 327, 150 N. E. 132, is extensively annotated in 43 A. L. R. 880, and the annotator cites many cases from numerous jurisdictions in support of his note reading as follows:

"Proof of general bad reputation prior to and at the time of the alleged defamation may be introduced in a libel or slander action for the purpose of mitigating damages. But such evidence must be confined to the general speech of people, and must not include reports of particular acts or circumstances tending to injure the reputation. The admission of evidence under this rule is on the theory that less damage is sustained by the libel or slander of a person whose reputation is already impaired."

On the subject of mitigation of damages in the chapter on Libel and Slander, 53 C. J. S., § 249, p. 368, it is said that the mitigating facts must be connected with, or bear on, the defamatory charge.

Here there was no allegation that appellee had charged appellants or either of them with the violation of the liquor laws of the state. Had that charge been made, it would have been competent under the holding in the Simonson case, *supra,* to show that they were in fact engaged in that traffic or bore that reputation. But the alleged slander has no relation to that traffic and the testimony should have been confined to proof of general reputation for morality.

In the chapter on Libel and Slander, 33 Am. Jur., § 322, p. 205, it is said: "While a contrary rule appears to prevail in England and Canada, the great weight of authority in this country supports the view that the defendant may mitigate the damages by showing that prior to or at the time of the defamation complained of, the plaintiff's general reputation was bad, not only in respect to such attributes as honesty, integrity, and fair dealing, but also in the respect of the subject matter of the libel or slander under investigation. . . . It is generally held that the plaintiff's bad reputation may be shown under the general issue, even though justification is pleaded."

'It is not questioned that the alleged statement is libelous *per se,* if false, and one of the instructions given at appellee's request so advised the jury. But the court gave at appellee's request an instruction reading: "You

are instructed that the defendant in this case is liable only for such damages, if any, as were caused by his statements, if any.'' In other words, if appellants had proved no damages, none could be awarded, but this is not the law. It was said in the case of *Taylor* v. *Gumpert*, 96 Ark. 354, 131 S. W. 968, "Where the slanderous words are actionable *per se,* the plaintiff is entitled as a matter of law to compensatory damages, and is not required to introduce evidence of actual damages to entitle him to recover substantial damages. In such case the plaintiff need not prove special damages in order to recover substantial damages. *Murray* v. *Galbraith,* 95 Ark. 199, 128 S. W. 1047; 25 Cyc. 490.'' The later case of *Safeway Stores* v. *Rogers,* 186 Ark. 826, 56 S. W. 2d 429, is to the same effect.

Over appellants' objection instructions were given on the subject of contributory negligence, which are defended upon the ground that appellants should have been sufficiently solicitous about their reputations as not to have acquired bad reputations. The question of contributory negligence does not arise in this case and the instruction was therefore erroneous.

For the errors indicated the judgment must be reversed and the cause will be remanded for a new trial.